Edwin Aiwazian (Cal. State Bar No. 232943)
   *edwin@lfjpc.com*
Arby Aiwazian (Cal. State Bar No. 269827)
   *arby@lfjpc.com*
Jill J. Parker (Cal. State Bar No. 274230)
   *jill@lfjpc.com*
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Telephone:  (818) 265-1020
Facsimile:  (818) 265-1021

*Attorneys for* Plaintiff Derrick Byrd

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK BYRD; individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorneys General Act;<br><br>       Plaintiff,<br><br>  vs.<br><br>MASONITE CORPORATION, an unknown business entity; and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.:  5:16-cv-00035 JGB (KKx)<br><br>Honorable Jesus G. Bernal<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        February 22, 2016<br>Time:        9:00 a.m.<br>Courtroom:  1<br><br>Complaint Filed:  November 17, 2015 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Monday, February 22, 2016 at 9:00 a.m., or as soon thereafter as may be heard in Courtroom 1 of the United States Courthouse, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Derrick Byrd ("Plaintiff") will and hereby does move for an order remanding this action to the Superior Court of the County of Riverside.

Plaintiff moves for remand pursuant to 28 U.S.C. § 1447 on the ground that this Court does not have removal jurisdiction over this case. Defendant Masonite Corporation ("Defendant") improvidently removed this action from state court by failing to prove by a preponderance of the evidence that the total amount in controversy exceeds the sum of $5,000,000 as required for jurisdiction under the Class Action Fairness Act of 2005, codified at 28 U.S.C. § 1332(d) ("CAFA"). As a result, Plaintiff seeks remand to the Superior Court for the County of Riverside, where this case was originally filed and where it rightfully belongs.

This Motion is made following counsel for Plaintiff's meeting and conferring with counsel for Defendant pursuant to Local Rule 7-3, which took place on January 8, 2016 and January 12, 2016.

Plaintiff's Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Jill J. Parker, any documents Plaintiff may subsequently file, all other pleadings and papers on file in this action, and any oral argument or other matter that may be considered by the Court.

Dated: January 19, 2016                                       **LAWYERS** *for* **JUSTICE, PC**

By: _Jill J. Parker_
Jill J. Parker
*Attorneys for* Plaintiff

# **TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................. 1

II. STATEMENT OF FACTS ...................................................................... 2

III. LEGAL STANDARD ............................................................................ 3

   A.  The Ninth Circuit Requires a Removing Party to Demonstrate Removal Jurisdiction By a Preponderance Standard .................................................. 3

   B.  Only the Complaint and Summary Judgement Type Evidence May be Used to Prove the Amount in Controversy. ............................................................. 4

IV.      ARGUMENT ..................................................................................... 4

   A.  Defendant Did Not Provide Competent Evidence of the Number of Putative Class Members, Number of Workweeks, and Hourly Rate of Pay. .................................................................................................... 4

   B.  Defendant Provides No Evidence Whatsoever to Support Its Unpaid Overtime Calculations. ................................................................................. 7

   C.  Defendant's Meal and Rest Break Premium Calculations Are Unsupported As Well. ..................................................................................................... 8

   D.  Defendant's Calculations For Waiting Time Penalties Are Similarly Inflated and Unsupported. ......................................................................... 11

   E.  Defendant's Calculations For Wage Statement Penalties and Unpaid Minimum Wages Are Similarly Improper. ................................................ 14

   F.  Defendant's Estimate of the Amount in Controversy for Unreimbursed Business Expenses is Pure Conjecture .......................................................... 15

   G.  Defendant Improperly Accounts For PAGA Penalties. ........................... 15

   H.  Defendant's Attorneys' Fees Estimate Is Unsupported. .......................... 16

V.  CONCLUSION ...................................................................................... 17

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Medical Staffing Network Healthcare, LLC*, 2013 U.S. Dist. LEXIS 172483 (E.D. Cal. Dec. 5, 2013) .......................................................................... 13

*Amoche v. Guarantee Trust Life Insurance Company*, 556 F.3d 41 (1st Cir. 2009) 8

*Baumann v. Chase Investment Services Corp.*, 747 F. 3d 1117 (9th Cir. 2014) .... 16

*Brinker v. Superior Court*, 53 Cal. 4th 1004 (2012) .............................................. 11

*Cavazos v. Heartland Auto. Servs.*, 2014 U.S. Dist. LEXIS 132755 (C.D. Cal. Sept. 19, 2014) ............................................................................................................... 13

*Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F.Supp. 1196 (N.D. Cal. 1998) ................................................................................................................ 4

*Controulis v. Anheuser-Busch, LLC*, 2013 U.S. Dist. LEXIS 165314 (C.D. Cal. Nov. 20, 2013) ......................................................................................................... 16

*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) ........... 3

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) ..................................................... 3

*Dupre v. GM*, 2010 U.S. Dist. LEXIS 95049 (C.D. Cal. Aug. 27, 2010) .............. 13

*Ellis v. Pac. Bell Tel. Co.*, 2011 U.S. Dist. LEXIS 16045 (C.D. Cal. Feb. 10, 2011) ...................................................................................................................................... 4

*Emmons v. Quest Diagnostics Clinical Labs., Inc.*, 2014 U.S. Dist. LEXIS 18024 (E.D. Cal. Feb. 11, 2014) ........................................................................................ 13

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159 (11th Cir. 2006) ................................... 8

*Gallegos v. Comerica*, 2011 U.S. Dist. LEXIS 82735  (C.D. Cal. Jul. 27, 2011) .. 16

*Garibay v. Archstone Communities, LLC*, 2013 U.S. App. LEXIS 17923 (9th Cir. 2013) .................................................................................................................. 12, 13

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) ............................................... 3, 4

*Green v. Staples Contract & Commercial, Inc.*, 2008 U.S. Dist. LEXIS 104364 (C.D. Cal. Dec. 10, 2008) ......................................................................................... 6

*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193 (9th Cir. 2015) ......................... 3, 4, 9

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

iii

*Longmire v. HMS Host USA, Inc.*, 2012 U.S. Dist. LEXIS 167463 (S.D. Cal. Nov. 26, 2012) ........................................................................................................ 12

*Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F. 3D 994 (9th Cir. 2007) ................... 12

*Marshall v. G2 Secure Staff, LLC*, 2014 U.S. Dist. LEXIS 95620 (C.D. Cal. July 14, 2014) ............................................................................................................. 13

*Mix v. Allstate Ins. Co.*, 2000 U.S. Dist. LEXIS 14260 (C.D. Cal. Apr. 19, 2000) . 4

*Nolan v. Kayo Oil Co.*, 2011 U.S Dist. LEXIS 72256 (N.D. Cal. Jul. 6, 2011) ....... 7

*Ray v. Nordstrom, Inc.*, 2011 U.S. Dist. LEXIS 146657 (C.D. Cal. Dec. 9, 2011)  7, 10

*Rhoades v. Progressive Casualty Insurance Co.*, 2010 U.S. Dist. LEXIS 111026 (E.D. Cal. Oct. 7, 2010) ...................................................................................... 13

*Rodriguez v. AT&T Mobility Servs. LLC*, 728 F. 3d 975 (9th Cir. 2013) ................ 3

*Ruby v. State Farm Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 88812 (N.D. Cal. Aug. 4, 2010) ............................................................................................................... 11

*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996) ...................... 3

*Scalzo v. Allied Property and Casualty Insurance Co.*, 2011 U.S. Dist. LEXIS 75721 (E.D. Cal. Jul. 11, 2011) ......................................................................... 16

*Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373 (9th Cir. 1997) ................. 4

*Vigil v. HMS Host USA, Inc.*, 2012 U.S. Dist. LEXIS 112928 (N.D. Cal. Aug. 10, 2012) .................................................................................................................. 8

*Weston v. Helmerich & Payne Int'l Drilling Co.*, 2013 U.S. Dist. LEXIS 132930 (E.D. Cal. Sep. 16, 2013) ............................................................................ 10, 13

*Weston v. Helmerich & Payne International Drilling Co.*, 2013 U.S. Dist. LEXIS 132930, *16 (E.D. Cal. Sep. 16, 2013) .................................................................. 5

**Statutes**

28 U.S.C. § 1441 ..................................................................................................... 3

Cal. Bus. & Prof. Code § 17200 ............................................................................. 2

Cal. Lab. Code § 1174 ............................................................................................ 2

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

| | | |
|---|---|---|
| Cal. Lab. Code § 1194 | ............................................................................................ | 2 |
| Cal. Lab. Code § 1197 | ............................................................................................ | 2 |
| Cal. Lab. Code § 1197.1 | ........................................................................................ | 2 |
| Cal. Lab. Code § 1198 | ............................................................................................ | 2 |
| Cal. Lab. Code § 201 | .............................................................................................. | 2 |
| Cal. Lab. Code § 202 | .............................................................................................. | 2 |
| Cal. Lab. Code § 204 | .............................................................................................. | 2 |
| Cal. Lab. Code § 226 | .............................................................................................. | 2 |
| Cal. Lab. Code § 226(a) | ......................................................................................... | 2 |
| Cal. Lab. Code § 226.7 | .......................................................................................... | 2 |
| Cal. Lab. Code § 2800 | ........................................................................................... | 2 |
| Cal. Lab. Code § 2802 | ........................................................................................... | 2 |
| Cal. Lab. Code § 510 | ............................................................................................. | 2 |
| Cal. Lab. Code § 512 | ............................................................................................. | 2 |
| Cal. Lab. Code § 512(a) | ......................................................................................... | 2 |
| Cal. Lab. Code 510 | ............................................................................................... | 2 |

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **I.     INTRODUCTION**

3           Defendant Masonite Corporation's ("Defendant") Notice of Removal of

4    Action to Federal Court Pursuant to 28 U.S.C. Section 1332(D)(2) (CAFA)

5    ("Notice of Removal") is devoid of factual support. Despite having unfettered

6    access to employment records for the putative class, Defendant fails to

7    demonstrate that its amount in controversy calculations are based on reasonable

8    assumptions. Without any evidence that its estimates are reasonable, Defendant

9    estimates that all putative class members worked five hours of unpaid overtime

10   every week during the putative class period. Defendant further speculates that

11   each putative class member failed to receive a required meal break five times

12   each week. Defendant makes the exact same assumptions for missed rest breaks.

13   Plaintiff Derrick Byrd's ("Plaintiff") Class Action Complaint For Damages &

14   Enforcement Under the Private Attorneys General Act, California Labor Code §

15   2698, Et. Seq. ("Complaint") does not support these assumptions; nor does

16   Defendant present any evidence of its own to provide a rational basis in support

17   of these assumptions. Defendant's estimates regarding the amount-in-controversy

18   for unpaid minimum wages, waiting time and wage statement penalties, and

19   attorneys' fees are similarly unsupported.

20          The Ninth Circuit Court of Appeals has made it clear that, in a removal

21   jurisdictional dispute, a removing party must support all assertions about the

22   amount in controversy with summary-judgment-type evidence. In contrast,

23   Defendant's calculations rely on conjecture. As such, Defendant has failed to

24   meet its burden to establish that the amount-in-controversy requirement is

25   satisfied. As Defendant has failed to prove that the amount in controversy

26   exceeds $5,000,000, Plaintiff respectfully requests that this Court remand this

27   case to the Superior Court for the County of Riverside.

28   ///

## II.   STATEMENT OF FACTS

Plaintiff filed this action on November 17, 2015 in the Superior Court for the County of Riverside.  Plaintiff's Complaint contains eleven causes of action for: (1) violation of California Labor Code §§ 510 and 1198 (unpaid overtime); (2) violation of California Labor Code §§ 226.7 and 512(a) (unpaid meal period premiums); (3) violation of California Labor Code § 226.7 (unpaid rest period premiums); (4) violation of California Labor Code §§ 1194, 1197, and 1197.1 (unpaid minimum wages); (5) violation of California Labor Code §§ 201 and 202 (final wages not timely paid); (6) violation of California Labor Code § 204 (wages not timely paid during employment); (7) violation of California Labor Code § 226(a) (non-compliant wage statements); (8) violation of California Labor Code § 1174(d) (failure to keep requisite payroll records); (9) violation of California Labor Code §§ 2800 and 2802 (unreimbursed business expenses); (10) violation of California Business & Professions Code §§ 17200, et seq.; and (11) violation of California Labor Code § 2698, et seq. (California Labor Code Private Attorneys General Act of 2004). Plaintiff seeks to certify the following class:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

> (Dkt. No. 1-2, Exh. B, Complaint, ¶ 13).

On January 6, 2016, Defendant filed its Notice of Removal.  (Dkt. No. 1). Relying exclusively on unsubstantiated assumptions, Defendant contends that the amount in controversy requirement is met.

///

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   On January 8, 2016, Plaintiff's counsel sent a meet and confer letter to

2   Defendant's counsel regarding the deficiencies in Defendant's Notice of

3   Removal. (Declaration of Jill J. Parker ("Parker Decl."), ¶ 2 and Exh. A.)

4   Plaintiff's counsel requested that Defendant withdraw its Notice of Removal, and

5   requested a response on whether it would do so by January 15, 2016. (*Id.*)

6   On January 12, 2016, Defendant's counsel responded to counsel for

7   Plaintiff's meet and confer letter and indicated that Defendant will not withdraw

8   its Notice of Removal. (Parker Decl., ¶ 3 and Exh. B). As a result, this Motion to

9   Remand was necessary.

10   **III.   LEGAL STANDARD**

11       **A.   <u>The Ninth Circuit Requires a Removing Party to Demonstrate</u>**

12           **<u>Removal Jurisdiction By a Preponderance Standard.</u>**

13   A federal court may exercise removal jurisdiction over a case only if

14   jurisdiction existed over the suit as originally brought by the plaintiffs.  28 U.S.C.

15   § 1441.  "Federal jurisdiction must be rejected if there is any doubt as to the right

16   of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.

17   1992); *see also Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir. 1996) (same).

18   "Evidence establishing the amount [in controversy] is required where, as

19   here," Defendant's "assertion of the amount in controversy is contested by"

20   Plaintiff. *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015)

21   (citing *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554

22   (2014)). Defendant bears the burden of proving the propriety of federal court

23   jurisdiction by "a preponderance of the evidence." *Rodriguez v. AT&T Mobility*

24   *Servs. LLC,* 728 F. 3d 975, 977 (9th Cir. 2013). Under this burden, a defendant

25   must provide evidence establishing that it is 'more likely than not' that the amount

26   in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.,* 102

27   F.3d 398, 404 (9th Cir. 1996). In a removal jurisdictional dispute, the defendant

28   has not only "the burden to put forward evidence showing that the amount in

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   controversy exceeds $5 million," but also the burden "to persuade the court that the
2   estimate of damages in controversy is a reasonable one." *Ibarra,* 775 F.3d at 1197.
3   Thus, a removing party "cannot establish removal jurisdiction by mere speculation
4   and conjecture, with unreasonable assumptions." *Id.*

5        **B.**    **Only the Complaint and Summary Judgement Type Evidence**
6             **May be Used to Prove the Amount in Controversy.**

7        In attempting to satisfy its burden, Defendant must offer nothing less than
8   competent evidence. *Gaus, supra,* 980 F.2d at 567. In order to demonstrate the
9   requisite amount in controversy, parties may submit "summary-judgment-type
10  evidence" relevant to the amount in controversy at the time of removal." *Singer v.*
11  *State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997). A defendant
12  "may rely on calculations to satisfy [its] burden so long as [its] calculations are
13  good faith, reliable estimates based on the pleadings and other evidence in the
14  record." *Ellis v. Pac. Bell Tel. Co.,* 2011 U.S. Dist. LEXIS 16045, *5 (C.D. Cal.
15  Feb. 10, 2011). It is well-settled in the Ninth Circuit that "[a] speculative argument
16  regarding the potential value of the [amount in controversy] is insufficient." *Mix v.*
17  *Allstate Ins. Co.,* 2000 U.S. Dist. LEXIS 14260, *3 (C.D. Cal. Apr. 19, 2000)
18  (quoting *Conrad Associates v. Hartford Accident & Indemnity Co.,* 994 F. Supp.
19  1196, 1198 (N.D. Cal. Feb. 10, 1998)); *see also Ibarra,* 775 F.3d at 1197 (A
20  defendant "cannot establish removal jurisdiction by mere speculation and
21  conjecture, with unreasonable assumptions.")

22  **IV.**   **ARGUMENT**

23       **A.**    **Defendant Did Not Provide Competent Evidence of the Number**
24            **of Putative Class Members, Number of Workweeks, and Hourly**
25            **Rate of Pay.**

26       Defendant asserts, without providing a single supporting business record,
27  spreadsheet, or other document, that the number of putative class members is
28  "approximately 642" individuals. (Dkt. No. 5, ¶ 11(a)). Defendant's declarant,

Lucy Rebelo, states that "under [her] direction" with the utilization of current and previous electronic payroll and human resources systems, "queries were run" to derive such a figure. (*Id.* ¶¶ 10-11). Yet, Ms. Rebelo fails to identify the nature of the query-searches that were performed under her direction to derive the number of putative class members. (*Id.*) Defendant simply expects Plaintiff and the Court to take it at its word. It is also unclear why Ms. Rebelo provided an approximation as to to the number of putative class members, especially in light of the fact that Defendant's "human resources or payroll personnel update the information" on a periodic basis and that such information is "accurately record[ed]." (*Id.* ¶ 9).

Further, Defendant fails to explain why it utilizes the "the approximately 83 weeks [Plaintiff] worked for [Defendant] within the" four year putative class period as the basis of Defendant's amount in controversy requirements. (Dkt. No. 1, ¶ 20). Defendant uses the approximate figure of 83 weeks and multiplies this number with the total "approximate" number of putative class members throughout the putative class period. It is clear that Defendant fails to take into account vacation days, sick days, and other leaves of absences that would have been taken by the remaining putative class members, including Plaintiff. Such figures are deficiently derived as the assumption is that each and every putative class member worked full weeks, year-round, and the same number of workweeks as Plaintiff. Indeed, Defendant has no excuse for failing to provide the actual number of workweeks of the putative class, especially in light of the fact that Defendant's systems "accurately record the dates of hire" and "dates of separation." (Dkt. No. 5, ¶ 9).

As such, this leaves Plaintiff and this Court with no other choice but to speculate about the degree of accuracy of Ms. Rebelo's remaining figures and approximations. *See, e.g., Weston v. Helmerich & Payne International Drilling Co.*, 2013 U.S. Dist. LEXIS 132930, *16 (E.D. Cal. Sep. 16, 2013) (the court gave importance to and took issue with the methodology used by employer's declarant);

1   see also *Green v. Staples Contract & Commercial, Inc.*, 2008 U.S. Dist. LEXIS

2   104364, *13 (C.D. Cal. Dec. 10, 2008) (ruling that a "simple declaration" with no

3   explanation as to how general numbers were reached cannot support removal).

4   Based on the foregoing, Defendant's Notice of Removal cannot possibly meet the

5   preponderance standard. If Defendant seeks a federal forum, it must produce

6   competent evidence supporting the jurisdictional amount in controversy, especially

7   as subject matter jurisdiction cannot be waived at any time or through any means.

8       Moreover, Defendant fails to provide supporting evidence of the rate of pay

9   for putative class members, despite having unfettered access to this information, as

10  set forth in Ms. Rebelo's declaration. (Dkt. No. 5, ¶ 9). Again, Defendant utilizes

11  Plaintiff's hourly rate of pay of $13.37 "at the time of his separation" as a baseline

12  figure in calculating the total amount in controversy calculations as to *all* putative

13  class members. (*Id.* ¶ 10). Without providing competent evidentiary support of the

14  rate of pay of all putative class members, it is impossible to assess Defendant's

15  amount in controversy calculations.

16      Defendant's failure to provide competent, documentary evidence as to the

17  putative class is particularly inexcusable since Defendant, as the employer, has

18  ready and unfettered access to all the facts, records, and information necessary to

19  make a showing on the issues. Indeed, Ms. Rebelo's declaration indicates that

20  Defendant "uses the information in [Defendant's] systems to accurately record the

21  dates of hire, employment status, job position, dates of separation, pay rate, and

22  location of its employees" which "human resources and payroll personnel

23  [including Ms. Rebelo] rely on and use [...] during the course of business." (*Id.* ¶

24  9). The evidence that Defendant could provide, but chose not to, is the kind of

25  information readily available to Defendant through payroll records, which it is

26  statutorily required to maintain. However, Defendant provided none of this

27  information, which leaves Plaintiff and the Court in the troubling position of being

28  forced to presume that all of the information Defendant has provided is complete

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

and accurately calculated. This is especially disconcerting in light of the fact that Plaintiff's Complaint alleges that Defendant failed to properly maintain accurate payroll records in violation of California Labor Code § 1174(d). (Complaint, ¶¶ 40, 49, 101, 108-109, 134).

Because Defendant fails to lay the necessary foundation for the figures it relies upon, and because Defendant fails to incorporate figures as they pertain to the entire putative class, Defendant has not put forth summary judgment type evidence upon which it can base its amount-in-controversy calculations. On this ground alone, all of Defendant's calculations should be disregarded.

**B.** **Defendant Provides No Evidence Whatsoever to Support Its Unpaid Overtime Calculations.**

Defendant bases its overtime calculations on each putative class member working five hours of unpaid overtime every week throughout the entirety of the putative class period. (Dkt. No. 1, ¶¶ 20-21). Defendant provides no explanation of how it arrived at these estimates. For example, Defendant does not explain how the nature of the class members' work duties would make a five hour per week overtime estimate a reasonable assumption. Nor does Defendant cite any documentary evidence – such as work schedules, time cards, or complaints from an employee hotline – in support of the number of overtime hours worked by putative class members.

Courts in similar circumstances have found that an assumption that each employee worked at least one hour of overtime each week was too speculative when not supported by any evidence. *See e.g.*, *Nolan v. Kayo Oil Co.*, 2011 U.S Dist. LEXIS 72256, at 12 (N.D. Cal. Jul. 6, 2011) ("Simply assuming that every employee…worked at least one hour of overtime a week, without some facts or evidence to support these assumptions, is insufficient to meet Defendant's evidentiary burden [by a preponderance of the evidence].."). Courts in similar circumstances have found that even a one hour estimate of overtime hours worked

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;

**LAWYERS** *for* **JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

per week was too speculative when not supported by any evidence. *See e.g., Ray v. Nordstrom, Inc.*, 2011 U.S. Dist. LEXIS 146657, at *8 (C.D. Cal. Dec. 9, 2011) (allegation that defendant "failed to pay 'all' California hourly employees at least some regular and overtime hours' did not support defendant's estimate that each class member missed one hour of regular pay and one hour of overtime pay per pay period); *Vigil v. HMS Host USA, Inc.*, 2012 U.S. Dist. LEXIS 112928, at * 15-16 (N.D. Cal. Aug. 10, 2012) (defendant's assumption that each class member worked one hour of overtime per week was unsupported by evidence and unsupported by allegations in complaint). Here too, Defendant's overtime estimate is far too speculative to rise to the level of summary judgment type evidence.

Again, Defendant, as the employer, has access to employee records and other documents which would bear on whether Defendant's estimates are in fact reliable estimates of the amount in controversy.[2]  Defendant's failure to introduce these documents is likely a calculated strategy to invoke CAFA jurisdiction without providing any admissible evidence regarding the putative class members' claims – evidence that could later be used to expose Defendant's liability in this case.

**C.**   **Defendant's Meal and Rest Break Premium Calculations Are Unsupported As Well.**

Like Defendant's overtime calculations, Defendant's calculations of the

---

[2] California Labor Code §§ 226, 432, 433, and 1198.5 require that a California employer retain copies of employee itemized wage statements, attendance records, performance evaluations, and documents relating to the obtaining or holding of employment.  In ruling on motions to remand, the Court should consider "which party has better access to the relevant information." *Amoche v. Guarantee Trust Life Insurance Company*, 556 F.3d 41 (1st Cir. 2009); *see also Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1164, n. 3 (11th Cir. 2006) ("Defendants have better access to information about conduct by the defendants, but plaintiffs have better access to  information about which plaintiffs are injured and their relations to various defendants.")

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   amounts in controversy for meal and rest break premiums are not supported by any
2   evidence whatsoever. Defendant assumes that each putative class member failed to
3   receive a required meal break five times per week and a required rest break five
4   times per week throughout the four year putative class period. (Dkt. No. 1, ¶¶ 22-
5   24).  But Defendant does not provide a single timecard, paystub, wage statement,
6   work schedule or other employee document to support the propriety of its meal and
7   rest break violation rates. Nor does Defendant provide a rationale for why it is
8   reasonable to assume that meal and rest break violations occur with this frequency.
9   Indeed, Defendant fails to even lay foundation that all of the shifts the class
10  members worked were of sufficient length to mandate the provision of meal and
11  rest periods. Defendant provides no basis for the 100% violation rate used in its
12  calculations, and Plaintiff has never alleged that Defendant failed to provide meal
13  and rest breaks for every shift that required any such break.  Thus, Defendant's
14  representations as to the amounts in controversy for meal period and rest break
15  premium pay are purely speculative.

16      The unreasonableness of Defendant's assumptions in its amount in
17  controversy calculations is evident in light of *Ibarra*. There, the plaintiff alleged
18  that the defendant engaged in a "pattern and practice of failing to pay" non-exempt
19  employees for working off-the-clock and therefore sought to recover premium pay
20  for missed meal and rest breaks for putative class members.  *Ibarra, supra,* 775
21  F.3d at 1198.  In estimating the amount in controversy, the defendant assumed
22  "that each class member missed one meal break in a 5-hour shift and that each
23  class member missed one rest break in a 3.5-hour shift." *Id.* While the Court noted
24  that the defendant relied on the declaration of its senior director of employee
25  services and administration to support its assumption about the number of
26  employees, the Court found that the defendant's assumption that meal and rest
27  break violations occurred on every break eligible and rest break eligible shift was
28  not a reasonable assumption. *Id.* at 1199. The Court reasoned that, while "a

9

1   damages assessment may require a chain of reasoning that includes assumptions,
2   […] those assumptions cannot be pulled from thin air but need some reasonable
3   ground underlying them." *Id.* The Court highlighted the fact that "[t]he complaint
4   alleges a 'pattern and practice' of labor law violations but does not allege that this
5   'pattern and practice' is universally followed every time the wage and hour
6   violation could arise." *Id.* The Court articulated that a "'pattern and practice' of
7   doing something does not necessarily mean *always* doing something." *Id.* at 1198-
8   99 (emphasis in original).

9       Likewise, Defendant's assumption that meal and rest break violations
10  occurred every shift possible during the putative class period is an unreasonable
11  assumption because it is not based on any grounds. While Plaintiff alleges a
12  "uniform policy/practice of wage abuse," and that "Plaintiff's claims are typical of
13  all other class members" there is no allegation or indication that meal and rest
14  break violations occurred 100% of the time. (Complaint, ¶¶ 15, 31). Thus,
15  Defendant's calculation "admittedly rests on the speculative assumption that every
16  class member was denied" five hours' worth of compensation for a missed meal
17  break and missed rest period each week. *See Roth v. Comerica Bank*, 799 F. Supp.
18  2d 1107, 1119-20 (C.D. Cal. 2010). Thus, Defendant's representations as to the
19  amounts in controversy for meal period and rest break premium pay are pure
20  speculation.

21      Moreover, courts have rejected much more conservative estimates. *See, e.g.,*
22  *Weston v. Helmerich & Payne Int'l Drilling Co.*, 2013 U.S. Dist. LEXIS 132930,
23  at *17 (E.D. Cal. Sep. 16, 2013) ("…Defendant provides no factual underpinning
24  for the assumption that a meal and rest break violation occurred one time per
25  week…"); *Nordstrom*, 2011 U.S. Dist. LEXIS 146657, at *9 (rejecting employer's
26  assumption that each class member missed one meal period and one rest period
27  each pay period); *Ruby v. State Farm Gen. Ins. Co.*, 2010 U.S. Dist. LEXIS 88812,
28  at *11-12 (N.D. Cal. Aug. 4, 2010) (rejecting defendant's estimate of one missed

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;

meal break and one missed rest break per workweek because there was no basis for making this assumption based on the complaint's allegations). Here too, the Court should reject Defendant's estimates of the amount in controversy for missed meal and rest breaks because they are unsupported by the allegations in the Complaint and because Defendant has failed to introduce summary judgment type evidence supporting them.

Additionally, Defendant does not state that these missed meal or rest breaks occurred because Defendant failed to *provide* meal and rest breaks. Employers are only required to provide breaks, and not ensure they are taken. *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1040-41 (2012). Thus, for example, if an employee is offered a meal break, but declines to take it, that employee is not entitled to a meal period premium. *See id.* For this additional reason, Defendant's meal and rest period calculations are too conjectural.

### D.   Defendant's Calculations For Waiting Time Penalties Are Similarly Inflated and Unsupported.

Defendant asserts that, during the three year statute of limitations, Defendant employed 165 hourly employees in California whose employment was terminated. (Dkt. No. 1, ¶ 26). Defendant goes on to calculate the maximum thirty days of waiting time penalties for each individual. As explained above, Defendant's calculations are problematic because Defendant does not provide competent evidence of the time worked and rate of pay. Moreover, the Court should not rely on Defendant's maximum 30 day penalty calculation without competent evidence that the putative class members could be entitled to those penalties.

The maximum penalties approach to waiting time penalties was rejected by the Ninth Circuit in *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994 (9th Cir. 2007) (overruled on other grounds) and again in *Garibay v. Archstone Communities, LLC*, 539 Fed. Appx. 763 (9th Cir. 2013). In *Lowdermilk*, Oregon law permitted employees to recover a maximum of thirty days in penalty wages for

11

an employer's failure to timely pay wages upon termination. *Lowdermilk*, 479 F.3d at 1000. The defendant merely "examined company records and determined that 7,571 employees left [its] employment during the period specific in the complaint. It then assumed that [the defendant] waited at least 30 days after termination to tender employees their final pay check, which would entitle each plaintiff to the maximum recovery." *Id.* at 1001. Although the defendant provided the declaration of one human resources employee to support its assumption about the number of employees, the Court found that the defendant failed to meet its substantial burden of proof. *Id.* The Court reasoned:

> Defendant assumes that all class members would be entitled to the maximum damages . . . but provides no evidence to support this assertion . . . . Many employees may have been paid only a few days late and, consequently, would be entitled to fewer days of penalty wages. . . . Again, absent more concrete evidence, it is nearly impossible to estimate with any certainty the actual amount in controversy.

*Id. See also Longmire v. HMS Host USA, Inc.*, 2012 U.S. Dist. LEXIS 167463, *21 (S.D. Cal. Nov. 26, 2012) ("Although the Court can reasonably draw the inference that each class member suffered some form of Labor Code violation at some point during his or her employment, and was thus entitled to waiting time penalties, the Court is unwilling to infer a maximum penalty for each plaintiff.") *Dupre v. GM,* 2010 U.S. Dist. LEXIS 95049, at *11 (C.D. Cal. Aug. 27, 2010) (The "calculation of penalties depends heavily on the number of days Defendant withheld wages or wage statements and Plaintiffs' missed meal or rest breaks. Without evidence supporting specific numbers for these variables, the Court cannot accurately calculate the amount of civil penalties to which each class member would be entitled....Therefore, the Court has no basis for considering the maximum civil penalties to establish the requisite amount in controversy.")

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   *Rhoades v. Progressive Casualty Insurance Co.*, 2010 U.S. Dist. LEXIS 111026,

2   \*13-14 (E.D. Cal. Oct. 7, 2010) (rejecting maximum waiting time penalty

3   calculation on ground that there was "no evidence indicating how late, on average,

4   the payments were.")

5   In *Garibay*, the Ninth Circuit again rejected an employer's maximum

6   waiting time penalty calculation, finding that the employer provided no evidence

7   supporting that assertion. *Garibay*, 539 Fed. Appx. at 764. In applying *Garibay*,

8   district courts in California have rejected maximum penalty calculations. *See e.g.*,

9   *Adams v. Medical Staffing Network Healthcare, LLC*, 2013 U.S. Dist. LEXIS

10  172483, \*9 (E.D. Cal. Dec. 5, 2013); *Weston v. Helmerich & Payne Int'l Drilling

11  Co.*, 2013 U.S. Dist. LEXIS 132930, at \*12-17 (E.D. Cal. Sept. 15 2013); *Cavazos

12  v. Heartland Auto. Servs.*, 2014 U.S. Dist. LEXIS 132755, at \* 6-9 (C.D. Cal. Sept.

13  19, 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 U.S. Dist. LEXIS 95620, at \* 7

14  (C.D. Cal. July 14, 2014). In *Emmons v. Quest Diagnostics Clinical Labs., Inc.*,

15  2014 U.S. Dist. LEXIS 18024, at \* 19 (E.D. Cal. Feb. 11, 2014), the Court

16  explained that "[a] declaration stating the class size and the number of pay checks

17  issued during the years prior to this action, together with assumptions as to

18  erroneous payments for each and every employee, is not sufficient to establish that

19  the amount in controversy exceeds $5,000,000 even under the preponderance of

20  the evidence standard."

21  The Ninth Circuit's reasoning in *Lowdermilk* and *Garibay* applies here.

22  Like the defendants in those cases, Defendant has determined the number of

23  employees who have separated during the statute of limitations, and then assumed

24  that Defendant waited at least thirty days after separation to tender final payment

25  of their wages. However, Defendant provides no evidence at all to support its

26  assumption that these employees would be entitled to the maximum amount of

27  damages. As in *Lowdermilk* and *Garibay*, without a reasonable ground for its

28  assertions, Defendant fails to establish by a preponderance of the evidence that the

1    requisite amount in controversy is met.

2        **E.  Defendant's Calculations For Wage Statement Penalties and**

3            **Unpaid Minimum Wages Are Similarly Improper.**

4        Defendant's wage statement penalty calculation also improperly assumes

5    that a maximum penalty applies.  Defendant assumes that a minimum of $50 for

6    initial violations for each employee in addition to a $100 penalty for subsequent

7    pay periods of each employee, up to an aggregate penalty of $4,000 per employee,

8    took place over the one-year statute of limitations period applicable to claims for

9    wage statement penalties. (Dkt. No. 1, ¶ 28).  However, nowhere in the Complaint

10   does Plaintiff exclusively seek the maximum penalty for himself and all putative

11   class members, and nowhere in the Complaint does Plaintiff allege that every

12   single wage statement for every single class member was deficient. Rather, the

13   Complaint properly alleges that "Plaintiff and the other class members are entitled

14   to recover from Defendants the greater of their actual damages caused by

15   Defendants' failure to comply with California Labor Code section 226(a), or an

16   aggregate penalty not exceeding four thousand dollars per employee." (Complaint,

17   ¶ 105). While it could be appropriate to assume maximum penalties if there were

18   evidence that every single wage statement was deficient in some manner (e.g.,

19   missing an employee's social security number or employee identification number),

20   this is not the case here.  Defendant does not produce any evidence suggesting that

21   every single wage statement for every class member failed to comply with section

22   226(a) of the Labor Code.   As a result, Defendant's wage statement penalty

23   calculations should be disregarded.

24       Likewise, Defendant's calculation of the amount in controversy for unpaid

25   minimum wages is inflated and unsupported.   Nowhere in the Complaint does

26   Plaintiff allege that he and class members were missing compensation for hours

27   worked in every single pay period and thus that the aforementioned penalties

28   should be factored into every pay period. As such, Defendant's factoring in of "one

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    hour off-the-clock per week" is not based on any reasonable ground.

2        **F. Defendant's Estimate of the Amount in Controversy for**

3        **Unreimbursed Business Expenses is Pure Conjecture**

4        Defendant asserts that it is reasonable to assume that all of the 599 putative

5    class members employed during a three year statute of limitations incurred $100 in

6    business expenses.   Defendant did not cite to any business record or document

7    which would support a figure of $100 for unreimbursed business expenses.  This

8    assumption arises from thin air, as Plaintiff has never alleged or suggested

9    unreimbursed expenses in said amount.  Not only does Defendant fail to provide

10   any explanation as to why $100 is a reasonable estimate, but Defendant does not

11   even describe the nature of the expense in question.   As such, the amount

12   Defendant alleges is in controversy for unreimbursed business expenses is mere

13   conjecture.

14       **G. Defendant Improperly Accounts For PAGA Penalties.**

15       Furthermore, Defendant bolsters its estimate of the amount in controversy by

16   impermissibly asserting that "recoverable PAGA penalties would only add to the

17   amount in controversy."   (Dkt. No. 1, ¶ 31, fn. 2).  The Ninth Circuit has

18   specifically held that PAGA penalties cannot be aggregated for the purpose of

19   meeting the amount in controversy requirement under CAFA because PAGA

20   actions are not sufficiently similar to Rule 23 class actions. *Baumann v. Chase*

21   *Investment Services Corp.*, 747 F. 3d 1117, 1124 (9th Cir. 2014); *see also*

22   *Controulis v. Anheuser-Busch, LLC*, 2013 U.S. Dist. LEXIS 165314, *4 (C.D. Cal.

23   Nov. 20, 2013) (wherein the Court held that, "[g]iven that the state is not a 'class

24   member' and PAGA penalties are not 'claims of individual class members,' as

25   required by 28 U.S.C. § 1332(d)(6), such penalties cannot be aggregated to meet

26   the $5,000,000 amount in controversy requirement.")  Here, Plaintiff has pleaded

27   his PAGA claims separately from his class claims. (Complaint, ¶¶ 17-22).  Thus,

28   Defendant's assertion that PAGA penalties must be accounted for in the amount of

1 | controversy calculations should be disregarded.

2 | ## H. Defendant's Attorneys' Fees Estimate Is Unsupported.

3 | Finally, Defendant seeks to include attorneys' fees to show that the

4 | jurisdictional amount in controversy has been met. (Dkt. No. 1, ¶¶ 31-32). Using a

5 | 25% benchmark for fee awards, Defendant assumes that $4,099,747.96 in

6 | attorneys' fees will be incurred during the course of litigation. (*Id.*) Defendant's

7 | fees estimate is too conjectural to withstand their burden on removal.

8 | As a preliminary matter, courts are split as to whether *future* attorneys' fees

9 | which have not yet been incurred may be included in determining the amount in

10 | controversy. *Gallegos v. Comerica*, 2011 U.S. Dist. LEXIS 82735, at *45-46

11 | (C.D. Cal. Jul. 27, 2011); *see also Scalzo v. Allied Property and Casualty*

12 | *Insurance Co.*, 2011 U.S. Dist. LEXIS 75721, at *10 (E.D. Cal. Jul. 11, 2011)

13 | ("Defendant's prediction that an award of attorney fees could be significant is too

14 | vague to establish subject matter jurisdiction"); *Conrad Associates v. Hartford*

15 | *Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. Feb. 10, 1998)

16 | ("Defendant's contention that attorney fees are likely to total at least $ 20,000 is too

17 | speculative to support its burden of establishing jurisdiction by a preponderance of

18 | the evidence.") Rather than provide an estimate of attorneys' fees incurred at the

19 | time of the filing of the Complaint or at the time of removal, Defendant speculates

20 | as to the amount of fees that might be incurred in the future. This is the very

21 | definition of conjecture.

22 | Moreover, Defendant's attorneys' fees estimate is unreliable for the

23 | additional reason that it is based on the underlying impermissible speculation

24 | regarding the amount in controversy for meal and rest periods, overtime, wage

25 | statement penalties, and waiting time penalties. Thus, Defendant's estimate of

26 | attorneys' fees must also be rejected.

27 | ///

28 | ///

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

16

## V.     CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that this Court remand this case to the Superior Court for the County of Riverside.

Dated: January 19, 2016                          **LAWYERS *for* JUSTICE, PC**

By: _____
Jill J. Parker
*Attorneys for* Plaintiff

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447;