1    Edwin Aiwazian (Cal. State Bar No. 232943)
          edwin@lfjpc.com
2    Arby Aiwazian (Cal. State Bar No. 269827)
          arby@lfjpc.com
3    Jill J. Parker (Cal. State Bar No. 274230)
          jill@lfjpc.com
4    **LAWYERS *for* JUSTICE, PC**
     410 West Arden Avenue, Suite 203
5    Glendale, California 91203
     Telephone:   (818) 265-1020
6    Facsimile:   (818) 265-1021

7    *Attorneys for* Plaintiff Derrick Byrd

8

9

10                 **UNITED STATES DISTRICT COURT**

11                 **CENTRAL DISTRICT OF CALIFORNIA**

12

13   DERRICK BYRD; individually, and on          Case No.:  5:16-cv-00035 JGB (KKx)
     behalf of other members of the general
14   public similarly situated and on behalf of  Honorable Jesus G. Bernal
     other aggrieved employees pursuant to
15   the California Private Attorneys General
     Act;                                        **DECLARATION OF JILL J.**
16                                               **PARKER IN SUPPORT OF**
                    Plaintiff,                   **PLAINTIFF'S MOTION TO**
17                                               **REMAND**
          vs.
18                                               Date:        February 22, 2016
19   MASONITE CORPORATION, an                    Time:        9:00 a.m.
     unknown business entity; and DOES 1         Courtroom:   1
20   through 100, inclusive,
21                  Defendants.                  Complaint Filed:  November 17, 2015
22
23
24
25
26
27
28

*(left margin, vertical text)* **LAWYERS *for* JUSTICE, PC** 410 West Arden Avenue, Suite 203 Glendale, California 91203

**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

# DECLARATION OF JILL J. PARKER

I, Jill J. Parker, declare as follows:

1.      I am an attorney duly licensed to practice before all courts of the State of California and the United States District Court for the Central District of California. I am a member of Lawyers *for* Justice, PC, counsel for Plaintiff Derrick Byrd ("Plaintiff") in this case.  The facts set forth in this declaration are within my personal knowledge and, if called as a witness, I could and would competently testify as follows.

2.      On January 8, 2016, I sent counsel for Defendant Masonite Corporation ("Defendant") a meet and confer letter requesting that Defendant withdraw its Notice of Removal of Action to Federal Court Pursuant to 28 U.S.C. Section 1332(D)(2) (CAFA) ("Notice of Removal"). I explained Plaintiff's position was that Defendant's removal was based upon speculation and conjecture, and as such was insufficient to confer federal court jurisdiction. I requested that Defendant withdraw its Notice of Removal and requested a response on whether it would do so by January 15, 2016. A true and correct copy of my meet and confer letter of January 8, 2016 is attached hereto as **Exhibit A**.

3.      On January 12, 2016, counsel for Defendant, Carlos Jimenez, responded to my meet and confer letter and indicated that Defendant would not withdraw its Notice of Removal. A true and correct copy of Mr. Jimenez' letter of January 12, 2016 is attached hereto as **Exhibit B**.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on this 19th day of January 2016 at Glendale, California.

Jill J. Parker

# EXHIBIT A



January 8, 2016

*VIA U.S. MAIL & E-MAIL*

Carlos Jimenez
LITTLER MENDELSON, P.C.
633 West 5th Street, 63rd Floor
Los Angeles, California 90071

Re: *Byrd v. Masonite Corporation*, C.D. Cal. Case No. 5:16-cv-00035-RGK-KK

Dear Mr. Jimenez:

We write to meet and confer regarding 1) Defendant Masonite Corporation's ("Defendant") notice of removal; 2) Defendant's anticipated motion to dismiss / motion to strike; 3) the parties' Rule 26(f) conference; and 4) Local Rule 23-3.

## I.    Defendant's Notice of Removal

Plaintiff Derrick Byrd ("Plaintiff") requests that Defendant withdraw its Notice of Removal for the reasons set forth below.

Defendant's amount-in-controversy calculations are impermissibly speculative. Defendant fails to prove by a preponderance of the evidence that the total amount-in-controversy exceeds $5,000,000 as required for Class Action Fairness Act ("CAFA") jurisdiction. In a removal jurisdictional dispute, the defendant "has the burden to put forward evidence showing that the amount in controversy exceeds $5 million…and to persuade the court that the estimate of damages in controversy is a reasonable one." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1194, 1197 (9th Cir. 2015). In order to demonstrate the amount-in-controversy, the parties may submit "summary-judgment-type evidence" relevant to the amount-in-controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). A defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197. As a result, Defendant

must prove, without the use of speculation, that the amount-in-controversy requirement is met.

Defendant's unsubstantiated assumptions cannot meet its burden of proof. Several of Defendant's assumptions mirror the faulty approach taken by the defendant in *Ibarra*. There, the plaintiff alleged that the defendant engaged in a "pattern and practice of failing to pay" non-exempt employees for working off-the-clock and therefore sought to recover premium pay for missed meal and rest breaks for putative class members. *Id.* at 1198. The defendant listed "all of its non-exempt employees and their corresponding number of shifts worked in excess of 5 hours and 3.5 hours during the relevant class period." *Id.* The defendant calculated that "these employees worked 476,865 shifts of more than 5 hours and 553,027 shifts of more than 3.5 hours during this period" with an "average hourly wage of these employees [of] $11.66." *Id.* The defendant then assumed "that each class member missed one meal break in a 5-hour shift and that each class member missed one rest break in a 3.5-hour shift" in coming to its estimated amount of meal period and rest break penalties.

Although the defendant relied on the declaration of its senior director of employee services and administration to support its assumption about the number of employees, the Court found that the defendant's assumption that meal and rest break violations occurred on *every* meal break eligible and rest break eligible shift was *not* a reasonable assumption. *Id.* at 1199. The Court reasoned that, while "a damages assessment may require a chain of reasoning that includes assumptions, [...] those assumptions cannot be pulled from thin air but need some reasonable ground underlying them." *Id.* The Court highlighted the fact that "[t]he complaint alleges a 'pattern and practice' of labor law violations but does not allege that this 'pattern and practice' is universally followed every time the wage and hour violation could arise."[1] *Id.*

Like the defendant in *Ibarra*, here, Defendant makes assumptions that are purely speculative and/or inflated. Without any reasoning, Defendant estimates damages for meal and rest break violations by assuming that putative class members experienced five non-compliant rest breaks each week and five non-compliant meal breaks each week, throughout the entirety of the putative class period.

Defendant similarly pulls from thin air assumptions that maximum penalties apply to Plaintiff's claims for Defendant's failure to timely pay wages. Defendant applies a maximum penalty of 30 days for waiting time penalties. Defendant likewise assumes a 100% violation rate in that all wage statements received by putative class members were inaccurate. Defendant

---

[1] The Court articulated "that a 'pattern and practice' of doing something does not necessarily mean *always* doing something." *Id.* at 1198-99 (emphasis in original).

also assumes that putative class members were denied one hour of overtime every single day, five hours each week, throughout the putative class period. Plaintiff's Class Action Complaint For Damages & Enforcement Under the Private Attorneys General Act, California Labor Code § 2698, Et. Seq. ("Complaint"), standing alone, does not support any of these maximum penalty calculations. Just as in *Ibarra*, the Court will disregard baseless assumptions. The Court will also find that Defendant unreasonably calculated maximum penalties, in light of the fact that Plaintiff alleged a "uniform policy/practice of wage abuse" and not that every single penalty provided for under the Labor Code is recoverable in this case. (Complaint, ¶ 31). Without rhyme or reason as to why these statutory maximums should be used in its calculations, Defendant's amount-in-controversy calculations are impermissibly speculative and thus cannot support removal jurisdiction.

Moreover, Defendant failed to produce any documentary evidence supporting the following figures: (1) the number of putative class members; (2) the putative class members' average hourly rate; (3) the number of workweeks per year; (4) the number of workdays per week; (5) the amount of time worked not compensated at a rate of at least minimum wage; (6) the length of the putative class members' shifts; and (7) the amount an employee could recover for failure to provide accurate wage statements. Even assuming that Defendant did, in fact, base several of the foregoing figures on its payroll and employment records, Defendant failed to provide any documents supporting its calculations. Defendant's failure to provide such evidence is especially inexcusable because Defendant, as an employer, has exclusive possession to employment records which it may use to calculate the amount-in-controversy.

Finally, Defendant's attorney fees' estimate is baseless. Defendant proceeds with a 25% calculation of the amount-in-controversy for attorneys' fees. Because Defendant's fee estimate is derived from, and completely depended on its flawed estimate of the amount-in-controversy, it too, is flawed. As explained above, Defendant has produced no evidence to support its calculations, making its derivative attorneys' fee calculation similarly unreliable.

The Court cannot base its jurisdiction upon Defendant's unsupported allegations. To conserve both judicial resources and the parties' resources, we request that Defendant withdraw its Notice of Removal. Please inform us by close of business on **Friday, January 15, 2016** as to whether Defendant will agree to do so. If Defendant will not agree to withdraw its Notice of Removal, Plaintiff will file a Motion to Remand to State Court under 28 U.S.C. § 1447 ("Motion to Remand"). If you have any questions or comments about this, please contact us immediately to set up a time to meet and confer.

## II.   Defendant's Anticipated Motion to Dismiss / Motion to Strike

We are in receipt of your letter dated January 7, 2016 regarding Defendant's intention to file a motion to dismiss / motion to strike. Plaintiff's claims are not time barred. Before commencing a civil action, Plaintiff was required to send the Labor and Workforce Development Agency ("LWDA") notice by certified mail. Cal. Lab. Code § 2699.3. As explicitly stated in the PAGA, the statute of limitations is tolled upon a plaintiff sending the required notice to the LWDA through at least the deadline for the LWDA to elect to investigate the matters in the plaintiff's notice letter. Plaintiff sent his notice letter to the LWDA on October 14, 2015 (less than one year after his employment with Defendant ended). The LWDA then had "33 calendar days [from] the postmark date of the notice" to "notify the employer and the aggrieved employee or representative by certified mail of its decision" "to investigate the alleged violation." Cal. Lab. Code 2699.3(a)(2)(B). Thirty-three days from October 14, 2015 was November 16, 2015. Thus, the LWDA had until November 16, 2015 to respond to Plaintiff's notice letter. Plaintiff did not receive a response to his notice letter by November 16th, and therefore promptly filed his complaint the next day, November 17, 2015. As a result of this tolling, Plaintiff's complaint was timely filed within all applicable statutes of limitations.

Your letter also indicates that Plaintiff's complaint lacks sufficient detail. Defendant fails to identify what facts are purportedly missing from the Complaint, and thus, Plaintiff cannot make a determination as to whether he would be willing to amend his complaint. Please provide us with this information immediately so that we may determine whether Plaintiff is amenable to filing an amended complaint. Nonetheless, we bring to your attention the fact that California district courts have denied Rule 12(b)(6) challenges to purportedly "skeletal" wage-and-hour pleadings with minimal facts pled, where the pleadings were sufficient to apprise the defendant of a plausible claim. *See, e.g., Whitaker*, 2010 U.S. Dist. LEXIS 122319 at *8-9; *Washington v. Crab Addison, Inc.*, 2010 U.S. Dist. LEXIS 69692, *7-8 (N.D. Cal. June 18, 2010). In *Whitaker*, the plaintiff's mere allegation that "they were required to perform tasks before clocking in and after clocking out," sufficiently stated claims for violations of state and federal wage and hour laws. *Whitaker*, 2010 U.S. Dist. LEXIS at *3-4. And in *Crab Addison*, the plaintiff's allegation that the defendant "employed him for a specified period during which it routinely denied him the appropriate breaks and overtime compensation – does state a claim that, if true, entitles him to relief." *Crab Addison*, 2010 U.S. Dist. LEXIS 69692 at *8.

## III.   Rule 26(f) Conference

We write for the additional reason of scheduling the parties' Rule 26(f) conference. Please let us know your availability for this conference to take place within the next seven (7) days. As you are aware, formal discovery cannot commence until after this conference has taken place. Among other things, Plaintiff seeks to conduct jurisdictional discovery regarding Defendant's removal contentions, and additionally seeks the production of the contact information for the putative class members.

## IV.   Local Rule 23-3

Pursuant to Local Rule 23-3, "within 90 days after service of a pleading purporting to commence a class action...the proponent of the class shall file a motion for certification...." We do not believe the current deadline imposed by L.R. 23-3 is feasible in light of the fact that Defendant is contemplating the filing of a motion to dismiss / motion to strike and Plaintiff intends to file a motion to remand if Defendant does not agree to withdraw its removal notice. The deadline is also impracticable because no discovery can commence until after the Rule 26(f) conference has been held.  Plaintiff requires time to conduct reasonable discovery prior to filing his class certification motion, including obtaining the contact information of the putative class members.  Accordingly, we request that Defendant stipulate to extend Plaintiff's deadline to file a motion for class certification to six months after Plaintiff receives the putative class contact information from Defendant, or alternatively, that the Court set the deadline for class certification at the status conference.  In the event that Defendant is unwilling to enter into a stipulation, Plaintiff will file an *ex parte* application seeking this relief.

We look forward to receiving your response to each of the items discussed above.

With kind regards,

Jill J. Parker

# EXHIBIT B

**Littler Mendelson, PC**
633 West 5th Street
63rd Floor
Los Angeles, CA 90071

Carlos Jimenez
213.443.4223 direct
213.443.4300 main
213.443.4299 fax
cajimenez@littler.com

January 12, 2016

**VIA EMAIL (edwin@lfjpc.com; jill@lfjpc.com) AND U.S. MAIL**

Edwin Aiwazian
Jill J. Parker
Lawyers for Justice, P.C.
410 West Arden Avenue, Suite 203
Glendale, CA 91203

Re:     *Derrick Byrd v. Masonite Corporation,* Case No. 5:16-CV-00035-JGB-KK (C.D. Cal.)

Dear Counsel:

Thank you for your January 8, 2016 letter. Please accept this letter as Defendant Masonite Corporation ("Masonite") response.

**I.      Masonite Will Not Withdraw Its Notice of Removal**

With respect to Plaintiff's request that Defendant Masonite Corporation ("Masonite") withdraw its Notice of Removal on the basis that its amount in controversy calculations are "impermissibly speculative," please be advised that Masonite will not withdraw its Notice of Removal because under *Dart Cherokee Basin Operating Co. v. Owens,* "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," which it did in this instant matter.

As you know, a defendant filing a notice of removal must present "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); Fed. R. Civ. P. 8. The Supreme Court recently clarified that the removing defendant must only assert "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" when the complaint fails to do so. *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 554 (2014). Notably, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart,* 135 S.Ct. at 554.

Contrary to Plaintiff's contentions in his January 8, 2016 letter, evidentiary submissions are not required at the time of removal. *Id.* at 551, 554; *Ibarra v. Manheim Investments, Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015). Indeed, "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 554. If the plaintiff subsequently seeks to remand to state court, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the

Edwin Aiwazian
Jill J. Parker
January 12, 2016
Page 2

amount-in-controversy requirement has been satisfied." *Dart*, 135 S.Ct. at 550; *see also Ibarra*, 775 F.3d at 1198 (same). "Under this standard, 'the removing party's burden is "not daunting," and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134, 2014 WL 651923, at *7 (E.D. Cal. Feb. 19, 2014) (citations omitted).

Also contrary to Plaintiff's contentions, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs., LLC*, No. CIV. S-07-0325, 2007 WL 1302504, at *7 (E.D. Cal. May 1, 2007); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631, 2014 WL 1607636, at *2 (C.D. Cal. April 22, 2014) (rejecting the plaintiff's contention that the defendant must produce payroll records in support of removal); *Jimenez v. Allstate Ins. Co.*, No. CV 10–8486, 2011 WL 65764, at *2 (C.D. Cal. Jan. 7, 2011) (rejecting argument that defendant must offer summary judgment-type evidence); *Gardner v. GC Servs., LP*, No. 10-CV-997, 2010 WL 2721271, at *3 (S.D. Cal. July 6, 2010) ("Contrary to Plaintiff's contentions, however, there is no obligation on Defendant to submit any declarations or 'summary-judgment-type evidence' in support of its assertion that the jurisdictional amount is met in the present case.")

Since Defendant was not required to research, state, or prove Plaintiff's claims or alleged damages in support of its removal, or submit business records in support of its reasonable calculations, Plaintiff's attacks on Masonite's Notice of Removal are baseless. *See Roa v. TS Staffing Servs., Inc.*, No. 2:14-CV-08424, 2015 WL 300413, at *2 (C.D. Cal. Jan. 22, 2015) (holding that since the defendant "was not required to submit evidence in support of its allegations, as *Dart Cherokee* teaches," the plaintiff's attack on the evidence was "fallacious.")

Accordingly, because Masonite based its amount in controversy based on the standard established by *Dart Cherokee*, Masonite will not withdraw its Notice of Removal.

## II.  With His January 8, 2016 Letter, Plaintiff Concedes That Some Of Its Claims Are Barred By The Applicable One-Year Statute Of Limitations.

With his January 8, 2016, Plaintiff has admitted that his sixth, seventh, eighth and eleventh causes of action, as alleged, are barred by the applicable one-year statute of limitations. Indeed, by his own analysis, Plaintiff established that the last day for Plaintiff to file his Complaint in order to preserve his PAGA cause of action was November 16, 2015, which he did not do.

Also, while Masonite does not dispute that the statute of limitations with respect to his PAGA claim is tolled upon sending notice to the California Labor and Development Agency ("LWDA"), there is no case law supporting the proposition that all of Plaintiff's claims are tolled upon sending notice to the LWDA. Accordingly, Plaintiff's sixth, seventh and eighth causes of action are barred.

Edwin Aiwazian
Jill J. Parker
January 12, 2016
Page 3

Further, as mentioned in our January 7, 2016 letter, the Complaint lacks the specificity required under the federal pleading standard.  Plaintiff has failed to plead any facts whatsoever in support of his claims, let alone sufficient facts to allow the Court to reasonably conclude that his allegations are more than a sheer possibility.  Instead, Plaintiff merely recites the elements of each of his claims and makes conclusory allegations that Masonite violated the law.  The Complaint therefore offers nothing more than "unadorned, the defendant-unlawfully-harmed-me accusation[s]," which is insufficient to satisfy the federal pleading standard.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Accordingly, Plaintiff's Complaint should be dismissed in its entirety for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).  Alternatively, Plaintiff should be ordered to provide a more definite statement of his claims, pursuant to Federal Rule of Civil Procedure 12(e).

For these reasons, we again request that Plaintiff dismiss his sixth, seventh, eighth and eleventh causes of action against Masonite and, if feasible under Rule 11, file an amended complaint which complies with the federal pleading standard.

However, please note that the deadline to for Masonite to file its Motion is Wednesday, January 13, 2016.  Therefore, unless Plaintiff files an amended complaint by noon on January 13th, Masonite will have no choice but to file its Motion on that day.  Should Plaintiff file an amended complaint, Masonite will withdraw its Motion, and will evaluate Plaintiff's amended complaint, if any.

## III.    Rule 26(f) Conference and Local Rule 23-3

Unfortunately, I am not available to participate in a Rule 26(f) Conference this week, and will be preparing for mediation next week.  I will send you dates of availability shortly.

Finally, with respect to Plaintiff's request that Masonite extend the 90-day deadline imposed by Local Rule 23-3, at this time, Masonite will not agree to extend the deadline for six months.  However, Masonite is willing to toll the start of the 90-day clock until the day the Court rules on Masonite's anticipated Motion to Dismiss/Strike, or the day the Court rules on Plaintiff's motion for remand (if such a motion is filed), whichever date is later.  In the event that the Court does not rule on any of these motions (either because said motions were not filed, or an amended complaint was filed), Masonite agrees to continue the start of the 90-day clock to February 12, 2016.

Defendant is willing to meet and confer regarding this issue again, and proposes that the parties do so after the Court rules on the motions identified above, or alternatively, on February 12, 2016.  Let me know if Plaintiff is agreeable to this.

Edwin Aiwazian
Jill J. Parker
January 12, 2016
Page 4


Please let me know if you have any questions, and thank you for your continued professionalism in this matter.

Sincerely,

Carlos Jimenez

CJ/cj

cc:    Gavin Appleby, Esq.

Firmwide:138015538.3 073171.1006