UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-35 JGB (KKx)** | Date | February 25, 2016 |
| Title | *Derrick Byrd v. Masonite Corporation et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant's Motion to Dismiss (Doc. No. 12); (2) DENYING AS MOOT Plaintiff's Motion to Remand (Doc. No. 14); and (3) VACATING the February 29, 2016 Hearing (IN CHAMBERS)

  Before the Court are two motions: Defendant's Motion to Dismiss, or in the alternative, Motion for a More Definite Statement, (Doc. No. 12), and Plaintiff's Motion to Remand, (Doc. No. 14).  The Court finds these matters appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After consideration of the papers filed in support of and in opposition to the motions, the Court GRANTS Defendant's Motion to Dismiss and DENIES AS MOOT Plaintiff's Motion to Remand.  The February 29, 2016 hearing is VACATED.

## I.   BACKGROUND

  On November 17, 2015, Plaintiff Derrick Byrd ("Plaintiff") filed a putative class action in California Superior Court for the County of Riverside against Defendant Masonite Corporation ("Defendant" or "Masonite") and fictitious Defendants 1 through 100.  ("Complaint," Doc. No. 1-1.)  Defendant, a former employee of Masonite, alleges eleven wage and hour causes of action against Defendant: (1) unpaid overtime, Cal. Lab. Code §§ 510, 1198; (2) unpaid meal period premiums, Cal. Lab. Code §§ 226.7, 512(a); (3) unpaid rest period premiums, Cal. Lab. Code § 226.7; (4) unpaid minimum wages, Cal. Lab. Code §§ 1194, 1197, 1197.1; (5) final wages not timely paid, Cal. Lab. Code §§ 201, 202; (6) wages not timely paid during employment, Cal. Lab. Code § 204; (7) non-compliant wage statements, Cal. Lab. Code § 226(a); (8) failure to keep requisite payroll records, Cal. Lab. Code § 1174(d); (9) unreimbursed business expenses, Cal. Lab. Code § 1174(d); (10) violation of California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (11) a representative action pursuant to California's Private

Attorney's General Act ("PAGA"), Cal. Lab., Code §§ 2698 et seq. On January 6, 2016, Masonite removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). ("Notice of Removal," Doc. No. 1.)

On January 13, 2016, Masonite filed a motion to dismiss, or in the alternative, a motion for a more definite statement. ("MTD," Doc. No. 12.) Plaintiff opposed Defendant's motion on February 1, 2016. ("MTD Opp.," Doc. No. 17.) On February 8, 2016, Defendant filed a reply in support of its motion,[1] ("MTD Reply," Doc. No. 21), as well as a request for judicial notice,[2] (Doc. No. 22).

On January 19, 2016, Plaintiff filed a motion to remand the case to California Superior Court for the County of Riverside. ("Remand Mot.," Doc. No. 14.) On February 1, 2016, Defendant opposed Plaintiff's motion, ("Remand Opp.," Doc. No. 18), and filed a request for judicial notice,[3] (Doc. No. 19). Plaintiff filed a reply memorandum in support of his motion on February 8, 2016. ("Remand Reply," Doc. No. 20.)

## II.    MOTION TO DIMISS[4]

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

---

[1] Defendant's reply memorandum exceeds the page limitations set in this Court's Standing Order. (Standing Order ¶ 9, Doc. No. 11.) Accordingly, the Court stopped reading the reply after the twelfth page. Defendant is warned that any future failure to abide by this Court's Standing Order or the Local Rules of this District shall result in the imposition of sanctions against it.

[2] The Court declines to take judicial notice of any documents for purposes of Defendant's Motion to Dismiss.

[3] The Court declines to take judicial notice of any documents for purposes of Plaintiff's Motion to Remand.

[4] Unless otherwise noted, all references to "Rule" are to the Federal Rules of Federal Procedure.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 545.

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009); Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing the party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

Defendant moves to dismiss all eleven of Plaintiff's causes of action on the grounds that Plaintiff alleges no facts in support of his claims. (MTD at 5-8.) Defendant also contends that four of Plaintiff's causes of action are barred by the statute of limitations, and therefore those causes of action should be dismissed without leave to amend. (Id. at 9-12.) Plaintiff opposes Defendant's motion. (MTD Opp. at 5-20.) Plaintiff contends both that his claims contain sufficient factual detail and that, because of equitable tolling, his claims are not time barred. (Id.)

### B. The Complaint Fails to State a Claim

Plaintiff fails to meet the minimum pleading requirements for each of the claims he asserts against Masonite. Plaintiff alleges that he was employed by Masonite as an hourly, non-exempt employee from approximately October 2012 to October 24, 2014 in Riverside, California. (Complaint ¶ 24.) Other than this fact, Plaintiff does not provide any details about his work for Masonite. He does not state what his job title was, nor does he describe any job duties he performed while employed by Masonite. The Complaint is silent as to whether he was a full-time or part-time employee. In each of Plaintiff's eleven causes of action, he applies the same pattern of (1) stating Masonite's obligations under California law as an employer; (2) averring simply that Masonite violated the law by failing to comply with its obligations; and (3) claiming damages and an entitlement to penalties and other relief.

As an example, Plaintiff's first claim alleges that Masonite violated California Labor Code sections 510 and 1198. The relevant portions of the Complaint state: (1) "California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-

one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis"; (2) "During the relevant time period, Plaintiff and the other class members worked in excess if eight (8) hours in a day, and/or in excess of (40) hours in a week… Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and other class members"; and (3) "Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees." (Complaint ¶¶54, 58-61.)

To state a wage claim under Iqbal and Twombly, the Ninth Circuit has held that "detailed factual allegations regarding the number of overtime hours worked are not required to state a plausible claim." Landers v. Quality Commc'ns, Inc., 771 F.3d 638, 644 (2014).[5] However, plaintiffs asserting minimum wage and/or overtime wage claims "should be able to allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages," or were not paid minimum wages. Id. at 646. Further, "[a] plaintiff may establish plausibility by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, or any other facts that will permit the court to find plausibility." Id. at 645.

With respect to Plaintiff's overtime pay claim, he fails to identify a single workweek in which he worked in excess of eight hours in a day or forty hours in a week such that he was entitled to overtime pay. Plaintiff does not allege his rate of pay, estimate how much overtime he was entitled to but did not receive, nor allege whether this occurred on a consistent basis. Moreover, he does not allege the basis for his knowledge and belief that other Masonite employees worked shifts in excess of eight hours and/or forty hours without adequate compensation. Indeed, the Complaint does not identify the length of any shift worked by Plaintiff to show that Defendants' various obligations under the Labor Code were triggered. Under Landers, Plaintiff fails to state a claim for unpaid overtime.

---

[5] Although Landers dealt specifically with the Fair Labor Standards Act, the language of that statute's overtime and minimum wage provisions is similar to that of the relevant California Labor Code sections that Plaintiff alleges. Indeed, the Ninth Circuit has applied Landers to a complaint alleging violations of the California Labor Code in an unpublished decision, reasoning that Landers "articulated this Court's requirements for stating a wage claim under Twombly and Iqbal." Boon v. Canon Business Solutions, Inc., 592 Fed. App'x 631, 632 (9th Cir. 2015). Additionally, district courts in this circuit have applied the Landers analysis to cases alleging violations of the overtime provisions of the California Labor Code. See Varsam v. Laboratory Corp. of America, No. 14cv2719 BTM (JMA), 2015 WL 4624111 at *3 (S.D. Cal. August 3, 2015); Raphael v. Tesoro Refining and Marketing Co. LLC, No. 2:15–cv–02862–ODW, 2015 WL 4127905 at *2 (C.D. Cal. July 8, 2015). Accordingly, the Court will apply Landers to the facts alleged in this case.

This reasoning applies with equal force to all of Plaintiff's claims. Nowhere in the Complaint does Plaintiff identify a specific instance in which he was denied a minimum wage,[6] a meal period,[7] or rest break.[8] With regard to Plaintiff's unpaid wages claims, Plaintiff does not allege what final wages he was owed upon leaving Defendants' employ,[9] nor does he allege a single instance in which Masonite failed to pay Plaintiff all wages due to him during his employment.[10] Further, Plaintiff does not identify a single deficient wage statement[11] or inadequate payroll record.[12] Neither does Plaintiff allege what, if any, business-related expenses he incurred during his employment that Masonite did not fully reimburse.[13]

"In the employment class action context, courts have repeatedly rejected similar allegations that simply recite the statutory language setting forth the elements of the claim, and then slavishly repeat the statutory language as to the purported factual allegations." Ovieda v. Sodexo

---

[6] The Complaint alleges only: "During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1." (Complaint ¶ 84.)

[7] The Complaint states in pertinent part: "During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods." (Complaint ¶ 69.)

[8] The Complaint alleges only: "During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods." (Complaint ¶ 78.)

[9] Plaintiff states only, "During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ." (Complaint ¶ 91.)

[10] Plaintiff alleges only, "During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members all wages due to them…" (Complaint ¶ 98.)

[11] The Complaint alleges only: "Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include, but are not limited to: the failure to include the total number of hours worked by Plaintiff and the other class members." (Complaint ¶ 102.)

[12] Plaintiff alleges only, "Defendants have intentionally and willfully failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Plaintiff and the other class members." (Complaint ¶ 109.)

[13] Plaintiff alleges only, "Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants." (Complaint ¶ 114.)

Operations, LLC, No. CV 12-1750-GHK SSX, 2012 WL 1627237, at *3 (C.D. Cal. May 7, 2012) (citing DeLeon v. Time Warner Cable LLC, CV 09–2438 AG (RNBx), 2009 U.S. Dist. LEXIS 74345, at *7 (C.D. Cal. July 17, 2009)); see also, Weigele v. FedEx Ground Package Sys., No. 06–CV–1330 JLS (POR), 2010 WL 4723673 at *4-5 (S.D. Cal. Nov. 15, 2010) (dismissing complaint alleging that "Defendant required the Plaintiffs to work overtime without lawful compensation" and that "Defendant required Plaintiffs to work ... without being given a 30-minute meal period for shifts of at least five hours and second 30-minute meal periods for shifts of at least ten hours during which Plaintiffs were relieved of all duties and free to leave the premises, nor did Defendant pay any Plaintiffs ... one hour's pay at the employee's regular rate of pay as premium pay compensation for failure to provide ... meal periods"); Anderson v. Blockbuster Inc., No. 2:10-cv-00158-MCE-GGH, 2010 WL 1797249 at *2-4 (E.D. Cal. May 4, 2010) (dismissing complaint alleging that "Plaintiff and class members consistently worked in excess of eight hours in a day, in excess of 12 hours in a day and/or in excess of 40 hours in a week" and that "Defendants willfully failed to pay all overtime"); Harding v. Time Warner, Inc., No. 09cv1212-WQH-WMC, 2009 WL 2575898 at *3-4 (S.D. Cal. Aug. 18, 2009) (dismissing complaint alleging that employer failed to "pay and properly calculate overtime" and "provide uninterrupted Meal Periods"); Deleon, 2009 U.S. Dist. LEXIS 74345, at *6 (dismissing complaint alleging that "[d]uring the relevant time period, Defendants willfully required Plaintiff and class members to work during meal periods and failed to compensate Plaintiff and class members for work performed during meal periods").

Further, Plaintiff's unfair competition[14] and PAGA[15] claims are premised on his California Labor Code claims, and for that reason, are also insufficient. With regard to Plaintiff's class allegations, Plaintiff merely alleges that his claims are typical of the class because Defendants' "uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees within the State of California" resulted in Defendants' failure "to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law." (Complaint ¶ 31.) This conclusory allegation "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 129 S. Ct. at 1949. Plaintiff alleges no facts to demonstrate or even suggest that any member of the putative class had similar work experiences. The Complaint does not allege any facts showing that Defendants had statewide policies or practices giving rise to Plaintiff's causes of action such that common questions of fact and/or law could provide class-wide answers and would be susceptible to class-wide proof. See Oveida, 2012 WL 1627237 at *4.

---

[14] The Complaint alleges, "Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq." (Complaint ¶ 118.)

[15] See Complaint ¶¶ 124-135.

Plaintiff's opposition to Masonite's Motion provides no meaningful resistance to the dismissal of his claims.[16]  Accordingly, the Court GRANTS Defendant's Motion to Dismiss each of Plaintiff's eleven causes of action because the Complaint fails to allege "non-conclusory factual content" from which reasonable inferences could plausibly suggest a claim entitling Plaintiff to relief.  Moss, 572 F.3d at 969.

### C.  Plaintiff May Amend His Complaint

In his opposition, Plaintiff requests leave to amend his Complaint should Masonite's Motion be granted.  (MTD Opp. at 19.)  Masonite argues that four of Plaintiff's eleven causes of action are barred by the one-year statute of limitations, and as such, those claims should be dismissed without leave to amend.  (MTD Reply at 12.)  Leave to amend is only denied when "it is clear that the complaint could not be saved by amendment."  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

California Code of Civil Procedure section 340(a) provides for a one year limitations period for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation."  Masonite contends that Plaintiff's sixth, seventh, eighth, and eleventh causes of action are all pursuant to "a statute for a penalty" and thus subject to the one-year statute of limitations.  (MTD at 10.)  Plaintiff's employment with Masonite ended on October 24, 2014.  (Complaint ¶ 24.)  Therefore, Defendants contend that any penalty claims related to his employment must have been filed by October 24, 2015.[17]  Plaintiff's Complaint was filed on November 17, 2015.  (See Complaint.)

#### 1.  Plaintiff's PAGA Claim

Plaintiff's eleventh cause of action is his PAGA representative claim.  PAGA permits an aggrieved employee, on behalf of himself and other current or former employees, to bring a civil action against his employer for violations of the California Labor Code.  Cal. Lab. Code § 2699(a).  PAGA is limited to provisions of the Labor Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA").  Cal. Lab. Code § 2699.5.  PAGA does not specify a statute of limitations.  However, because PAGA claims

---

[16] Plaintiff's Opposition to Defendant's Motion to Dismiss contains several legally erroneous arguments which the Court will not address in detail.  Chiefly, Plaintiff relies on cases that pre-date Iqbal and Twombly to suggest that "[w]age and hour claims are an inherently minimal process" that require a less stringent pleading requirement.  (MTD Opp. at 12.)  This is inaccurate and unsupported by the case law upon which Plaintiff relies.  Further, Plaintiff's attempt to factually distinguish Iqbal and Twombly from class action employment matters is unpersuasive and contrary to the law of this circuit.  (Id. at 10-13); see Landers, 771 F.3d at 641 (applying Iqbal to a wage and hour claim).

[17] By contrast, Plaintiff's claims for actual damages are subject to a three-year statute of limitations and are thus timely.  See Cal. Code Civ. Proc. § 338.

are claims for penalties, courts have generally found PAGA claims to be restricted by the one-year statute of limitations.  See Slay v. CVS Caremark Corp., No. 1:14-CV-01416-TLN, 2015 WL 2081642, at *5 (E.D. Cal. May 4, 2015); Jayme v. Checksmart Financial, LLC, No. 2:10–cv–01174–GEB–KJN, 2010 WL 2900333, *2 (E.D. Cal. July 22, 2010); Yadira v. Fernandez, No. C–08–05721 RMW, 2011 WL 2434043, *5 (N.D. Cal. June 14, 2011); Butterworth v. Am. Eagle Outfitters, No. 1:11cv01203 LJO DLB, 2011 WL 4905641 (E.D. Cal. Oct. 13, 2011).

Notwithstanding the one year limitations period, a plaintiff pleading a PAGA claim is also constrained by the Act's administrative exhaustion requirements.  To proceed under PAGA, an employee must first file a complaint with the LWDA:

> A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met.... The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

Cal. Lab. Code § 2699.3(a).  The LWDA must notify the employer and the aggrieved employee within 30 days of the postmark date of the notice whether it intends to investigate the alleged violation.  Cal. Lab. Code § 2699.3(a)(2).  The aggrieved employee may only commence a civil action after he receives notice from the LWDA that it does not intend to investigate, or, if no notice is provided, after 33 calendar days of the postmark date of his notice to the LWDA.  Id.

The time specified in section 2699.3 is "not counted as part of the time limited for the commencement of the civil action to recover penalties under this part."  Cal. Lab. Code § 2699.3(d).  This provision, therefore, operates as a toll of the one-year statute of limitations.  See Slay, 2015 WL 2081642 at *5 ("even when notice is timely-filed, a plaintiff must still file his claims within the one year and 33 days maximum statute of limitations period"); Martinez v. Antique & Salvage Liquidators, Inc., No. C09-00997-HRL, 2011 WL 500029, at *8 (N.D. Cal. Feb. 8, 2011) ("PAGA allows for a tolling of the limitations period during the (at most) 33–day period during which the LWDA is assessing, or the employer may be curing, the alleged violations").

Here, Plaintiff alleges that he provided written notice via certified mail to the LWDA and Masonite on October 14, 2015, thus triggering the tolling operation of section 2699.3. (Complaint ¶ 22.)  The Complaint is silent as to whether the LWDA responded.  Assuming, therefore, the LWDA did not respond,[18] the one-year limitations period was tolled from October 14, 2015 to November 16, 2015, meaning Plaintiff had until November 26, 2015 to bring his

---

[18] Upon amendment, Plaintiff is directed to specify whether or not LWDA responded to Plaintiff's October 14, 2015 notice.

PAGA claims. See Slay, 2015 WL 2081642 at *5; Martinez, 2011 WL 500029 at *8. Plaintiff filed suit on November 17, 2016. (See Complaint.) Accordingly, Plaintiff's PAGA claim is not time-barred,[19] and Plaintiff is permitted leave to amend this claim to attempt to correct the pleading deficiencies identified in this Order. See § II.B.

### 2. Plaintiff's Sixth and Eighth Causes of Action

Before the Court discusses whether Plaintiff's sixth, seventh, and eighth causes of action are time-barred, it is important to first understand the analytical framework of the California Labor Code. There are two types of penalties recoverable under the Labor Code. Caliber Bodyworks, Inc. v. Superior Court, 134 Cal. App. 4th 365, 377 (2005). The first type is a "statutory penalty," which employees may recover directly from their employers. Id., see also Cal. Lab. Code § 203 (obligating an employer to pay an employee penalties for failing to pay wages when due). The second type is a "civil penalty," which are the penalties authorized by PAGA and which are recoverable by the LWDA. Caliber, 134 Cal. App. 4th at 378; see also Cal. Lab. Code § 225.5 (providing for a civil penalty to be paid to the Labor Commissioner). A cause of action which seeks the recovery of a civil penalty, regardless of whether it is pleaded explicitly as a PAGA claim, is subject to the administrative exhaustion requirements of section 2966.3. Caliber, 134 Cal. App. 4th at 381-382 ("The absence of any reference to the Act [PAGA] in plaintiffs' first amended complaint does not absolve them of their duty to comply with the administrative prerequisites to filing suit"). This means that, to the extent any cause of action is premised on the recovery of civil penalties, the one-year statute of limitations for that claim may be tolled if the plaintiff sends the LWDA written notice of the claim.

Turning, then, to Plaintiff's sixth and eighth causes of action, the only remedy available for these claims are civil penalties pursuant to PAGA. Plaintiff's sixth cause of action is for wages not timely paid during employment pursuant to California Labor Code section 204. The remedy for a violation of section 204 is found under section 210 which provides that "every person who fails to pay the wages of each employee as provided in Section[ ] 204... shall be subject to a civil penalty." Cal. Lab. Code § 210; see also Singer v. Becton, Dickinson & Co., No. 08CV821 IEG (BLM), 2008 WL 2899825, at *3 (S.D. Cal. July 25, 2008). Plaintiff's eighth cause of action is for failure to keep requisite payroll records pursuant to Labor Code section 1174(d). The remedy for a violation of section 1174(d) is "a civil penalty of $500." Cal. Lab. Code § 1174.5. Because the only remedy for a violation of these statutes is a civil penalty payable to the Labor Commissioner, these claims are subject to the administrative exhaustion requirements of section 2699.3. Caliber, 134 Cal. App. 4th at 381-382. As such, for the same reasons Plaintiff's PAGA

---

[19] In its calculation of the limitations period for this claim, Masonite assumed the tolling period specified in section 2699.3 cut off the one year limitations if the employee sends the LWDA notice of its claim prior to the expiration of one year. (MTD at 14.) This argument is unsupported by legal authority and contrary to the operation of tolling provisions, generally. After Plaintiff pointed out Defendant's calculation error, Defendant did not defend its calculation in its Reply. Accordingly, the Court interprets Defendant's silence on the issue as abandonment of its erroneous calculation.

claim generally is not time-barred, neither are Plaintiff's sixth and eighth causes of action. Plaintiff is therefore permitted leave to amend these claims to attempt to correct the pleading deficiencies identified in this Order. See § II.B.

However, Plaintiff should note that because neither section 204 nor section 1174 offer a remedy directly recoverable by Plaintiff, either by way of actual damages or a statutory penalty, they do not offer Plaintiff a private right of action. See Slay, 2015 WL 2081642, *7-8; see also Johnson v. Hewlett-Packard Co., 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) ("There is nothing in section 204 or 210 that indicates, in 'clear understandable, unmistakable terms,' that a private right of actions exists for violations of section 204"). Rather, violations of these statutes may support only a PAGA and/or UCL claim. Id. If Plaintiff chooses to amend his Complaint as to these causes of action, he is directed to specify that these claims are brought under PAGA and/or UCL only.

### 3. Plaintiff's Seventh Cause of Action

Plaintiff's seventh cause of action is for non-compliant wage statements pursuant to Labor Code section 226(a). Section 226 provides that "[a]n employee suffering injury... is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period..." Cal. Lab. Code § 226(e)(1). PAGA also provides civil penalties for violations of section 226(a). Cal. Lab. Code § 2699.5.

Plaintiff's prayer for this claim includes actual damages, statutory penalties, and civil penalties. (Complaint Prayer ¶¶ 45-49.) His prayer for actual damages is governed by the three-year statute of limitations. See Cal. Code Civ. P. § 338. Therefore, to the extent Plaintiff is claiming actual damages for Masonite's violation of section 226(a), his claim is timely. See Slay, 2015 WL 2081642, at *8 ("While a plaintiff may not seek penalties for a violation of 226(a) because of the one year statute of limitations, claims for actual damages and injunctive relief for a violation of 226(a) are timely because they have been brought within the three year statute of limitations and constitute liability created by statute, other than a penalty or forfeiture") (internal citations omitted). Similarly, Plaintiff's prayer for civil penalties is timely for the same reasons his PAGA claim, generally, is timely.

However, his prayer for statutory penalties is governed by the one-year statute of limitations in section 340(a) and does not benefit from the tolling provision of section 2699.3. Plaintiff's employment with Masonite ended on October 24, 2014 and he did not file suit until November 17, 2015. On its face, Plaintiff's section 226(a) claim for statutory penalties is time-barred. Nonetheless, Plaintiff argues that he should be permitted to amend his section 226(a) claim due to the doctrine of equitable tolling. (MTD Opp. at 15-17.)

Under California law, the doctrine of equitable tolling suspends or extends a statute of limitations as necessary to ensure fundamental practicality and fairness. McDonald v. Antelope Valley Community College Dist., 45 Cal. 4th 88, 99 (2008). It applies "when an injured person

has several legal remedies and, reasonably in good faith, pursues one." Id. at 100 (internal citations omitted). "Thus, it may apply where one action stands to lessen the harm that is the subject of a potential second action; where administrative remedies must be exhausted before a second action can proceed; or where a first action, embarked upon in good faith, is found to be defective for some reason." Id. (citing Collier v. City of Pasadena, 142 Cal. App. 3d 917, 923 (1983). "By alleviating the fear of claim forfeiture, it affords grievants the opportunity to pursue informal remedies, a process we have repeatedly encouraged.... Lastly, tolling benefits the court system by reducing the costs associated with a duplicative filing requirement, in many instances rendering later court proceedings either easier and cheaper to resolve or wholly unnecessary." Id.

Equitable tolling is not limited to cases in which a plaintiff was required to pursue a particular alternate remedy before initiating suit. Id. Rather, "regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled." Elkins v. Derby, 12 Cal. 3d 410, 414 (1974). If otherwise appropriate, application of the equitable tolling doctrine is proper when a plaintiff: (1) gives notice to the defendant in filing the first claim within the statute of limitations; (2) avoids prejudice by "affording the defendant an opportunity to identify sources of evidence" in the claim being tolled; and (3) acts reasonably and in good faith in filing the second claim. Collier, 142 Cal. App. 3d at 924-925.

Plaintiff argues that his claim for statutory penalties under section 226(a) should be equitably tolled because Defendant had notice of his claims under this statute pursuant to the October 14, 2015 pre-litigation PAGA letter he sent to Masonite and the LWDA. (MTD Opp. at 16.) Plaintiff filed his suit one day after the 33-day period during which he waited for a response from the LWDA, ostensibly demonstrating reasonable and good faith conduct by Plaintiff. Indeed, the Northern District of California denied a motion to dismiss on these same grounds, reasoning that the plaintiff could state a claim for equitable tolling and that it was an issue for the jury to decide. See Sarkisov v. StoneMor Partners, L.P., No. C 13–04834 WHA, 2014 WL 1340762, *3-4 (N.D. Cal. April 3, 2014).

Similar to the allegations in this case, in Sarkisov the plaintiff had provided his employers notice of his section 226 claim within the one-year statute of limitations when he sent them a pre-litigation letter in the process of exhausting his administrative remedies under PAGA. Id. at *3. The court found this letter gave the defendants sufficient opportunity to investigate the section 226 claim in this action, and that, although the plaintiff could have commenced both the LWDA and private suits simultaneously, whether his decision was reasonable and in good faith was not a question that could be conclusively resolved at the pleading stage of litigation. Id. at *5. This Court finds the reasoning of Sarkisov persuasive.

Accordingly, the Court will permit Plaintiff an opportunity to amend his section 226 claim as it relates to statutory penalties. However, in the amended complaint, Plaintiff must specifically plead the facts supporting his equitable tolling theory if Plaintiff wishes to recover statutory penalties. See Mills v. Forestex Co., 108 Cal. App. 4th 625 (2003).

### III.     MOTION FOR A MORE DEFINITE STATEMENT

Defendant alternatively moves this Court to require Plaintiff to provide a more definite statement pursuant to Rule 12(e).  (MTD at 8.)  Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Because the Court is granting Defendant's motion to dismiss in its entirety, Defendant's motion for a more definite statement is DENIED AS MOOT.

However, for future motion practice, Defendant is instructed that Rule 12(e) motions are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail.  Medrano v. Kern Cnty. Sheriff's Officer, 921 F. Supp. 2d 1009, 1013 (E.D. Cal. 2013).  The Court must deny the motion if the complaint is specific enough to notify a defendant of the substance of the claim being asserted.  See Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).  The Court may also deny the motion if the detail sought is obtainable through the discovery process.  Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).  Defendant should take note of this case law prior to moving for a more definite statement in the future.

### IV.     MOTION TO REMAND

Plaintiff moves the Court to remand the case to California Superior Court for the County of Riverside on the grounds that Defendant has not established that the amount in controversy exceeds $5 million.  (Remand Mot. at 1.)  Because Defendant's calculations of the amount in controversy are dependent upon causes of action that the Court is dismissing in this Order, Plaintiff's motion is DENIED AS MOOT.  Plaintiff may renew his motion to remand after such time as Plaintiff is able to state a claim for relief.

### V.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  (Doc. No. 12.)  Plaintiff may file a First Amended Complaint that attempts to correct the deficiencies identified in this Order.  If Plaintiff chooses to file an amended complaint, he must do so by **March 18, 2016.**

Plaintiff's Motion to Remand is DENIED AS MOOT.  (Doc. No. 14.)  Plaintiff may renew his motion to remand after such time as Plaintiff is able to state a claim for relief.

The February 29, 2016 hearing is VACATED.

**IT IS SO ORDERED.**