1  CARLOS JIMENEZ, Bar No. 227534
   cajimenez@littler.com
2  HEATHER SHOOK, Bar No. 268716
   hshook@littler.com
3  LITTLER MENDELSON, P.C.
   633 West 5th Street
4  63rd Floor
   Los Angeles, CA  90071
5  Telephone:  213.443.4300
   Facsimile:   213.443.4299
6
   Attorneys for Defendant
7  MASONITE CORPORATION

8                   UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10

11  DERRICK BYRD; individually, and on         Case No.  5:16-cv-00035 JGB (KKx)
    behalf of other members of the general
12  public similarly situated and on behalf
    of other aggrieved employees pursuant
13  to the California Private Attorneys         **STIPULATION AND [PROPOSED]**
    General Act,                                **PROTECTIVE ORDER**

14              Plaintiff,

15  v.

16  MASONITE CORPORATION, an
    unknown entity; and DOES 1through,
17  100, inclusive,

18              Defendant.

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

**STIPULATION FOR PROTECTIVE ORDER
REGARDING THE DISCLOSURE AND USE OF DISCOVERY
MATERIALS**

**1.      PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**1.1      GOOD CAUSE STATEMENT**

This action may involve trade secrets, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.   DEFINITIONS

**2.1**   "Action" means this case entitled *Derrick Byrd v. Masonite, Inc.*, Case No.  5:16-cv-00035 JGB (KKx).

**2.2**   "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3**   "CONFIDENTIAL" Information or Items means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

**2.4**   "Counsel" means (i) counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

**2.5**   "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.6**   "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

1  **2.7**   "Expert" means a person with specialized knowledge or experience in a
2  matter pertinent to the litigation who has been retained by a Party or its counsel to
3  serve as an expert witness or as a consultant in this Action.

4  **2.8**   "Non-Party" means any natural person, partnership, corporation,
5  association, or other legal entity not named as a Party to this action.

6  **2.9**   "Party" means any party to this Action, including all of its officers,
7  directors, employees, consultants, retained experts, and Outside Counsel of Record
8  (and their support staffs).

9  **2.10**   "Producing Party" means a Party or Non-Party that produces Disclosure
10 or Discovery Material in this Action.

11 **2.13**   "Professional Vendors" means persons or entities that provide litigation
12 support services (e.g., photocopying, videotaping, translating, preparing exhibits or
13 demonstrations, and organizing, storing, or retrieving data in any form or medium)
14 and their employees and subcontractors.

15 **2.14**   "Protected Material" means any Disclosure or Discovery Material that is
16 designated as "CONFIDENTIAL" and/or "CONFIDENTIAL – ATTORNEYS' EYES
17 ONLY."

18 **2.15**   "Receiving Party" means a Party that receives Disclosure or Discovery
19 Material from a Producing Party.

20 **3.**   **SCOPE**

21 The protections conferred by this Stipulation and Order cover not only
22 Protected Material (as defined above), but also (1) any information copied or extracted
23 from Protected Material; (2) all copies, excerpts, summaries, or compilations of
24 Protected Material; and (3) any testimony, conversations, or presentations by Parties
25 or their Counsel that might reveal Protected Material.   It is meant to protect
26 confidential business or financial information, information regarding confidential
27 business practices, or other confidential research, development, or commercial
28 information (including information implicating privacy rights of third parties),

1  information otherwise generally unavailable to the public, or which may be privileged
2  or otherwise protected from disclosure under state or federal statutes, court rules, case
3  decisions, or common law.

4  More specifically, this Stipulation and Order protects all financial information
5  relating to Defendant Masonite, Inc., including but not limited to all documents and
6  information relating to compensation, bonus, and commission structure and plans.  In
7  that same regard, this Stipulation and Order specifically protects all information in any
8  "Class List" produced by Masonite, Inc., containing private contact information of
9  current and former employees.  Such information shall not be used for any purpose
10 other than this litigation.

11 Any use of Protected Material at trial shall be governed by the orders of the trial
12 judge.  This Order does not govern the use of Protected Material at trial.

13 a)   Nothing in this Protective Order shall prevent or restrict a Producing
14 Party's own disclosure or use of its own Protected Material for any purpose, and
15 nothing in this Order shall preclude any Producing Party from showing its Protected
16 Material to an individual who prepared the Protected Material.

17 b)   Nothing in this Order shall be construed to prejudice any Party's right to
18 use any Protected Material in court or in any court filing with the consent of the
19 Producing Party or by order of the Court.

20 c)   This Order is without prejudice to the right of any Party to seek further or
21 additional protection of any Discovery Material or to modify this Order in any way,
22 including, without limitation, an order that certain matter not be produced at all.

23 **4.    <u>DURATION</u>**

24 Even after final disposition of this litigation, the confidentiality obligations
25 imposed by this Order shall remain in effect until a Designating Party agrees
26 otherwise in writing or a court order otherwise directs. Final disposition shall be
27 deemed to be the later of (1) dismissal of all claims and defenses in this Action, with
28 or without prejudice; and (2) final judgment herein after the completion and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1    exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

2    including the time limits for filing any motions or applications for extension of time

3    pursuant to applicable law.

4    **5.    DESIGNATING PROTECTED MATERIAL**

5        **5.1**    Exercise of Restraint and Care in Designating Material for Protection.

6    Each Party or Non-Party that designates information or items for protection under this

7    Order must take care to limit any such designation to specific material that qualifies

8    under the appropriate standards. The Designating Party must designate for protection

9    only those parts of material, documents, items, or oral or written communications that

10   qualify so that other portions of the material, documents, items, or communications

11   for which protection is not warranted are not swept unjustifiably within the ambit of

12   this Order.  Mass, indiscriminate, or routinized designations are prohibited.   If       it

13   comes to a Designating Party's attention that information or items that it designated

14   for protection do not qualify for protection, that Designating Party must promptly

15   notify all other Parties that it is withdrawing the inapplicable designation.

16       **5.2**    Manner and Timing of Designations. Except as otherwise provided in

17   this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

18   stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

19   under this Order must be clearly so designated before the material is disclosed or

20   produced.

21           a)    Available Designations.   Any Producing Party may designate

22   Discovery Material with any of the following designations, provided that it meets the

23   requirements for such designations as provided for herein: "CONFIDENTIAL," or

24   "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

25           b)    Written Discovery and Documents and Tangible Things. Written

26   discovery, documents (which include "electronically stored information," as that

27   phrase is used in Federal Rule of Procedure 34), and tangible things that meet the

28   requirements for the confidentiality designations listed in Paragraph a) may be so

1  designated by placing the appropriate designation on every page of the written
2  material prior to production.  For digital files being produced, the Producing Party
3  may mark each viewable page or image with the appropriate designation, and mark
4  the medium, container, and/or communication in which the digital files were
5  contained.   In the event that original documents are produced for inspection, the
6  original documents shall be presumed "CONFIDENTIAL"  – ATTORNEYS' EYES
7  ONLY" during the inspection and re-designated, as appropriate during the copying
8  process.

9       c)  <u>Native Files</u>.  Where electronic files and documents are produced
10 in native electronic format, such electronic files and documents shall be designated for
11 protection under this Order by appending to the file names or designators information
12 indicating whether the file contains "CONFIDENTIAL," or "CONFIDENTIAL -
13 ATTORNEYS' EYES ONLY," material, or shall use any other reasonable method for
14 so designating Protected Materials produced in electronic format. When electronic
15 files or documents are printed for use at deposition, in a court proceeding, or for
16 provision in printed form to an expert or consultant pre-approved pursuant to
17 Paragraph 12, the party printing the electronic files or documents shall affix a legend
18 to the printed document corresponding to the designation of the Designating Party and
19 including the production number and designation associated with the native file.  No
20 one shall seek to use in this litigation a .tiff, .pdf or other image format version of a
21 document produced in native file format without first (1) providing a copy of the
22 image format version to the Producing Party so that the Producing Party can review
23 the image to ensure that no information has been altered, and (2) obtaining the consent
24 of the Producing Party, which consent shall not be unreasonably withheld if the
25 documents have not been modified or altered.

26      d)  <u>Depositions and Testimony</u>.  Parties or testifying persons or entities may
27 designate depositions and other testimony with the appropriate designation by
28 indicating on the record at the time the testimony is given or by sending written notice

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

of how portions of the transcript of the testimony is designated within thirty (30) days after being notified by the court reporter that the transcript is available.  During this thirty (30) day period, any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non-confidential.  In the event the Party who wishes to disclose the transcript, or information contained therein, is only seeking to disclose portions of the transcript, that Party shall specifically identify the pages of the transcript it wishes to disclose, and any Party that wants to maintain any of these specifically identified pages of the transcript as confidential must designate these pages as confidential within forty-eight (48) hours, or else the specifically identified pages of the transcript may be treated as non-confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases, the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected

Material.   Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

**5.3**   Discovery Material Designated As "CONFIDENTIAL"

a)   A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information.

b)   Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL" may be disclosed only to the following:

(i)   The Receiving Party's Outside Counsel, such counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)   The individually named Plaintiffs of the Receiving Party, provided that each such person has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(iii)   Court reporters, stenographers and videographers retained to record testimony taken in this action;

(iv)   The Court and its personnel;[1]

(v)   The Jury, subject to appropriate redactions;

(vi)   Graphics, translation, design, and/or trial consulting personnel, having first agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A;

(vii)   Mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

---

[1] Nothing in this Stipulation Protective Order shall be construed as applying to the Court or its personnel, who are subject only to the Court's internal procedures regarding the handling of material filed or lodged, including material filed or lodged under seal.

1   (viii)  Any mediator who is assigned to hear this matter, and his or

2   her staff, subject to their agreement to maintain confidentiality to the same degree as

3   required by this Protective Order; and

4   (ix)    Any other person by signing a copy of Exhibit A;

5   (x)     Any outside expert or consultant retained by the Receiving

6   Party to assist in this action, provided that disclosure is only to the extent reasonably

7   necessary to perform such work; and provided that:  (a) such expert or consultant has

8   agreed to be bound by the provisions of the Protective Order by signing a copy of

9   Exhibits A and B; (b) such expert or consultant is not a current officer, director, or

10  employee of a Party or of a competitor of a Party, nor anticipated at the time of

11  retention to become an officer, director, or employee of a Party or of a competitor of a

12  Party; (c) such expert or consultant is not involved in competitive decision-making, as

13  defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on

14  behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the

15  materials in the United States only, and does not transport them to or access them

16  from any foreign jurisdiction.

17  **5.4**   Discovery Material Designated as "CONFIDENTIAL – ATTORNEYS'

18         EYES ONLY"

19  a)    A Producing Party may designate Discovery Material as

20  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

21  information that is extremely confidential and/or sensitive in nature, and if the

22  Producing Party reasonably believes that the disclosure of such Discovery Material is

23  likely to cause economic harm or significant competitive disadvantage to the

24  Producing Party.  It is Defendant's position (which Plaintiffs reserve the right to

25  oppose) that the following information, if non-public, shall be presumed to merit the

26  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation:   trade secrets,

27  pricing information, financial data, sales information, sales or marketing forecasts or

28  plans, business plans, sales or marketing strategy, product development information,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.

engineering documents, testing documents, personal and non-public employee information, and other non-public information of similar competitive and business sensitivity.

b)      Unless otherwise ordered by the Court, Discovery Material designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to:

(i)      The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)      Any outside expert or consultant retained by the Receiving Party to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such work; and provided that:  (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibits A and B; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10, below;

(iii)      Court reporters, stenographers and videographers retained to record testimony taken in this action, subject to appropriate redactions;

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

1     (iv)  The Court and its personnel;

2     (v)  The Jury, subject to appropriate redactions;

3     (vi)  Graphics, translation, design, and/or trial consulting personnel,

4  having first agreed to be bound by the provisions of the Protective Order by signing a

5  copy of Exhibit A;

6     (vii)  Any mediator who is assigned to hear this matter, and his or her

7  staff, subject to their agreement to maintain confidentiality to the same degree as

8  required by this Protective Order; and

9     (viii)  Any other person with the prior written consent of the Producing

10  Party.

11     c)     In this Action, the Parties will meet and confer prior to designating any

12  Discovery Material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13     **5.5**     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

14  failure to designate qualified information or items does not, standing alone, waive the

15  Designating Party's right to secure protection under this Order for such material.

16  Upon timely correction of a designation, the Receiving Party must make reasonable

17  efforts to assure that the material is treated in accordance with the provisions of this

18  Order.

19  **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

20     **6.1**     <u>Timing of Challenges</u>. A Party shall not be obligated to challenge the

21  propriety of any designation of Protected Material under this Order at the time the

22  designation is made, and a failure to do so shall not preclude a subsequent challenge

23  thereto.  Any challenges to a designation of confidentiality may be made at any time

24  that is consistent with the Court's Scheduling Order.

25     **6.2**     <u>Manner of Making Challenge</u>. Any challenge to a designation of

26  Protected Material under this Order shall be written, shall be served on outside

27  counsel for the Producing Party, shall particularly identify the documents or

28  information that the Receiving Party contends should be differently designated, and

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

1    shall state the grounds for the objection.   Thereafter, further protection of such
2    material shall be resolved in accordance with the following procedures:

3              (i)    The objecting Party shall have the burden of conferring either in
4    person, in writing, or by telephone with the Producing Party claiming protection (as
5    well as any other interested party) in a good faith effort to resolve the dispute.  The
6    Producing Party shall have the burden of justifying the disputed designation;

7              (ii)    Failing agreement, the Producing Party  may bring a motion within
8    twenty-one (21) calendar days of either Party's written confirmation that the meet and
9    confer efforts are terminated to the Court for a ruling that the Protected Material in
10   question is  entitled to the status and protection of the Producing Party's designation.
11   Any motion must be brought in pursuant to the procedure set forth in Central District
12   local Rules 37-1 and 37-2.   The Parties' entry into this Order shall not preclude or
13   prejudice either Party from arguing for or against any designation, establish any
14   presumption that a particular designation is valid, or alter the burden of proof that
15   would otherwise apply in a dispute over discovery or disclosure of information;

16             (iii)   Notwithstanding any challenge to a designation, the Protected
17   Material in question shall continue to be treated as designated under this Order until
18   one of the following occurs: (a) the Party who designated the Protected Material in
19   question withdraws such designation in writing; or (b) the Court rules that the
20   Protected Material in question is not entitled to the designation.

21   **7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

22        **7.1**    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
23   disclosed or produced by another Party or by a Non-Party in connection with this
24   Action only for prosecuting, defending, or attempting to settle this Action. Such
25   Protected Material may be disclosed only to the categories of persons and under the
26   conditions described in this Order. When the Action has been terminated, a Receiving
27   Party must comply with the provisions of section 13 below (FINAL DISPOSITION).
28   Protected Material must be stored and maintained by a Receiving Party at a location

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

13.

and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2**   Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel, subject to appropriate redactions;

(e) court reporters and their staff, subject to appropriate redactions;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), subject to appropriate redactions; (g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

14.

testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

15.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

16.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL – CLAWBACK AGREEMENT**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

Further, pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)     The disclosure or production of Documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

1    Receiving Party, shall in no way constitute the voluntary disclosure of

2    such Document.

3    (b)    The inadvertent disclosure or production of any Document in this action

4    shall not result in the waiver of any privilege, evidentiary protection or

5    other protection associated with such Document as to the Receiving Party

6    or any third parties, and shall not result in any waiver, including subject

7    matter waiver, of any kind.

8    (c)    If, during the course of this litigation, a party determines that any

9    Document produced by another party is or may reasonably be subject to a

10    legally recognizable privilege or evidentiary protection ("Protected

11    Document"):

12    i.    the Receiving Party shall: (A) refrain from reading the Protected

13    Document any more closely than is necessary to ascertain that it is

14    privileged or otherwise protected from disclosure;    (B)

15    immediately notify the Producing Party in writing that it has

16    discovered Documents believed to be privileged or protected; (C)

17    specifically identify the Protected Documents by Bates number

18    range or hash value, and, (D) within ten (10) days of discovery by

19    the Receiving Party, return, sequester, or destroy all copies of such

20    Protected Documents, along with any notes, abstracts or

21    compilations of the content thereof.  To the extent that a Protected

22    Document has been loaded into a litigation review database under

23    the control of the Receiving Party, the Receiving Party shall have

24    all electronic copies of the Protected Document extracted from the

25    database.  Where such Protected Documents cannot be destroyed

26    or separated, they shall not be reviewed, disclosed, or otherwise

27    used by the Receiving Party.  Notwithstanding, the Receiving

28    Party is under no obligation to search or review the Producing

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

18.

1    Party's Documents to identify potentially privileged or work
2    product Protected Documents.

3        ii.    If the Producing Party intends to assert a claim of privilege or other
4    protection over Documents identified by the Receiving Party as
5    Protected Documents, the Producing Party will, within ten (10)
6    days of receiving the Receiving Party's written notification
7    described above, inform the Receiving Party of such intention in
8    writing and shall provide the Receiving Party with a log for such
9    Protected Documents that is consistent with the requirements of
10   the Federal Rules of Civil Procedure, setting forth the basis for the
11   claim of privilege or other protection.  In the event that any portion
12   of a Protected Document does not contain privileged or protected
13   information, the Producing Party shall also provide to the
14   Receiving Party a redacted copy of the document that omits the
15   information that the Producing Party believes is subject to a claim
16   of privilege or other protection.

17     (d)    If, during the course of this litigation, a party determines it has produced
18   a Protected Document:

19       i.    the Producing Party may notify the Receiving Party of such
20   inadvertent production in writing, and demand the return of such
21   documents.  Such notice shall be in writing, however, it may be
22   delivered orally on the record at a deposition, promptly followed
23   up in writing.  The Producing Party's written notice will identify
24   the Protected Document inadvertently produced by bates number
25   range or hash value, the privilege or protection claimed, and the
26   basis for the assertion of the privilege and shall provide the
27   Receiving Party with a log for such Protected Documents that is
28   consistent with the requirements of the Federal Rules of Civil

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of the Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

ii.    The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

(e)    To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 11(c)(ii) and 11(d)(i), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

subject to a viable claim of privilege or protection.   However, the Receiving Party is prohibited and estopped from arguing that:

    i.    the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    ii.    the disclosure of the Protected Documents was not inadvertent;

    iii.    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    iv.    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection, in compliance with Central District Local Rule 79-5.  Protected Documents may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Documents at issue.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  If a Party's request to file Protected Documents under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

(i)    Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

(j)   By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

## 12.   MISCELLANEOUS

**12.1**   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2**   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3**   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

22.

or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: October 3, 2016_____

*/s/ Heather Davis_____*

Heather Davis

PROTECTION LAW GROUP, LLP

Attorneys for Plaintiff Derrick Byrd


DATED: October 3, 2016_____

*/s/ Carlos Jimenez_____*

Carlos Jimenez

Littler Mendelson, P.C.

Attorneys for Defendant Masonite, Inc.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

23.

1 | **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

2 | DATED:  October 04, 2016

3 |

4 | Honorable Kenly Kiya Kato

5 | United States District Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

24.

# EXHIBIT A

## <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that

I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] in the case of *Derrick Byrd v. Masonite, Inc.*, Case No.  5:16-cv-00035 JGB

(KKx).  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise

that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order. I further agree to submit to the jurisdiction of the United

States District Court for the Central District of California for the purpose of enforcing

the terms of this Stipulated Protective Order, even if such enforcement proceedings

occur after termination of this action. I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

**EXHIBIT B**

**Protective Order Acknowledgment and**

**Attorneys Eyes Only Non-Disclosure Agreement**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Derrick Byrd v. Masonite, Inc.*, Case No. 5:16-cv-00035 JGB (KKx), currently pending in the United States District Court for the Central District of California. I certify that I am an appropriate person for receipt of Confidential Attorneys Eyes Only material under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Attorneys Eyes Only material provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Attorneys Eyes Only material shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled litigation, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this action, I will promptly surrender all Confidential Attorneys Eyes Only material provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Attorneys Eyes Only material in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this agreement.

Date: _____

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

26.

1    City and State where sworn and signed: _____

2    Printed name: _____

3    Signature: _____

4

5

6

7    Firmwide:142739144.1 073171.1006

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

27.